McDONNOLD, Appellee,

v.

McDONNOLD, Appellant.

[Cite as *McDonnold v. McDonnold* (1994), 98 Ohio App.3d 822.]

Court of Appeals of Ohio,
Lake County.

No. 94–L–037.

Decided Nov. 28, 1994.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, *Ariana Tarighati* and *Robert J. Cochran,* Assistant Prosecuting Attorneys, for appellee.

*Marvin R. Plasco,* for appellant.

---

NADER, Judge.

This case has been placed upon the accelerated calendar docket, and is submitted to the court upon the briefs of the parties.

Appellant, William T. McDonnold, appeals the order of the Lake County Domestic Relations Court approving the findings and recommendations of the referee which required appellant to pay $29.08 per month plus poundage as current support for his minor child, Sheena McDonnold, and an additional $10 per month plus poundage for arrearages.

This proceeding was initiated on behalf of the state of Arizona in the name of Dawn McDonnold, mother of Sheena and former wife of appellant, pursuant to R.C. Chapter 3115, Ohio's codification of the Uniform Reciprocal Enforcement of Support Act ("URESA"). The petition sought reimbursement for aid to families with dependent children ("AFDC") paid for the benefit of appellee and Sheena, and for prospective support.

The facts are not in dispute.

Appellant and appellee were married on January 12, 1985. The couple had two children, Heather and Sheena. In August 1989, the couple, who had been living in Lake County, separated. Sometime thereafter, appellee left with Sheena and moved to Arizona. Appellant retained physical custody of Heather and continued to reside in Lake County.

In September 1989, appellee began receiving AFDC benefits from the state of Arizona. In order to receive benefits, appellee was required to assign her right to any support for herself and/or Sheena to the state of Arizona, and further agreed "not to discharge or release any of the support amounts by accepting payment or by waiving payment of support obligations."

Appellant filed a *pro se* complaint for divorce in the Lake County Domestic Relations Court in March 1992. On April 8, 1992, appellant and appellee executed a separation agreement by the terms of which appellee would retain custody of Sheena and appellant would retain custody of Heather. The agreement further provided that neither party would be responsible for the support of the other or for the child in the custody of the other party.

The URESA petition was filed on March 11, 1993. On March 18, 1993, appellant was granted a divorce by the court. The judgment of divorce granted custody of Heather to appellant. Although the court had been presented with the separation agreement, no order of custody or support was made with respect to Sheena as the court questioned its jurisdiction in this regard. See R.C. 3109.22. These issues were deferred "until raised by appropriate motion." The court did not accept the separation agreement as part of the divorce judgment.

Appellant filed a motion to consolidate the URESA action and the divorce action on May 14, 1993. The motion was denied by the referee. Appellant did not file objections and the court adopted the referee's report.

A hearing on the URESA petition was held before a referee on September 1, 1993. The referee's report was filed on October 4, 1993. Appellant filed a transcript of the hearing and his objections to the referee's report on November 22, 1993. Included in the objections was a challenge to the earlier order denying his motion to consolidate. On January 26, 1994, the court adopted the referee's report and recommendations in full. Separate findings of fact and conclusions of law were issued on March 17, 1994.

Appellant timely filed a notice of appeal. He presents two assignments of error:

"1. The trial court committed reversible error when it concluded that since the separation agreement had not been incorporated into the parties' divorce judgment entry (Case No. 92–DR–000314), said agreement was not binding upon the court on the issue of establishing an URESA child support order.

"2. The trial court committed reversible error when it refused to consolidate the URESA petition into Case No. 92–DR–000314."

R.C. 3115.07 provides for the initiation of the instant action by the state of Arizona to secure reimbursement for the expenditure of public funds and obtain an order for future support:

"If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under sections 3115.01 to 3115.34, inclusive, of the Revised Code, as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

The definition of "obligee" includes any person to whom a duty of support is owed, including a state or political subdivision. R.C. 3115.01(B)(10).

A "duty of support" which may be enforced in a URESA action is defined in part as "any duty of support imposed or imposable by law." R.C. 3115.01(B)(6). Pursuant to R.C. 3115.03 and 3115.06, the duty of support is determined by the law of the state in which the obligor is present during the period for which support is sought, regardless of the residence of the obligee. R.C. 3115.08 and 3115.22 direct the court of the state where the obligor is present in a URESA action to make an inquiry as to any duty of support, and if one is found, to order the obligor to furnish support prospectively and/or pay arrearages.

In 1987, R.C. 3103.03 provided in part:

"The husband must support himself, his wife, and his minor children out of his property or by his labor."

Later amendments altered this statute to, *inter alia*, impose this obligation upon any "married person" as well as any biological or adoptive parent. R.C. 3103.03 is actually one codification of the common-law duty of parents to provide sufficient support for their children. *Haskins v. Bronzetti* (1992), 64 Ohio St.3d 202, 594 N.E.2d 582; *Laurelwood Hosp. v. Lorenzo* (Dec. 17, 1993), Lake App. No. 93–L–063, unreported, 1993 WL 548530. It is thus clear that appellant owed both a statutory and common-law duty of support for Sheena from the date of the parties' separation.

Appellant contends that, despite Dawn's prior assignment of support rights to the state of Arizona, the separation agreement between him and Dawn extinguished any support rights. Appellant cites R.C. 3103.06 and *Mendelson v. Mendelson* (1930), 123 Ohio St. 11, 173 N.E. 615. The statute states:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during their separation."

In *Mendelson*, it was held that a provision of a separation agreement providing for support does not (in the absence of language in the agreement to the contrary) terminate solely by reason of the entry of a divorce decree which does not incorporate the agreement into the judgment. Under this authority, appel-

lant claims the provision of the agreement at issue was valid, and that it remained in effect after the entry of the divorce judgment.

We conclude that the trial court did not err in finding this provision of the separation agreement to be invalid and of no effect. The parties to a separation agreement may not abrogate by contract the right of a minor child of the marriage to be supported by either parent. *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, paragraph one of the syllabus; *Mendelson, supra,* 123 Ohio St. at 14, 173 N.E. at 616. The parties did not provide for the support of Sheena in their separation agreement but, rather, agreed to an arrangement according to which no support was to be provided by the parents. This is not within the contemplation of R.C. 3103.06.

Accordingly, as there was no order of support or agreement establishing the support obligation of appellant to Sheena, the court was entitled in the URESA proceeding to order reimbursement for all funds provided by the state of Arizona and to provide for continuing support. See *San Diego v. Elavsky* (1979), 58 Ohio St.2d 81, 12 O.O.3d 88, 388 N.E.2d 1229; *Ex parte Alabama ex rel. Summerlin* (Ala.1993), 634 So.2d 539.

Finally, we conclude that *Meyer v. Meyer* (1985), 17 Ohio St.3d 222, 17 OBR 455, 478 N.E.2d 806, is inapplicable to the instant action. In *Meyer,* it was held that a custodial parent is not entitled to receive child support reimbursement from the noncustodial parent where no support order is made or requested at the time custody is awarded. The court reasoned that when the marriage terminates, the parents stand upon equal footing and that, in the absence of an order for support or a request for support, the noncustodial parent has a right to expect that a retroactive order establishing a support obligation will not be made. First, the court observed that R.C. 3103.03 imposed a duty of support upon the "husband" and not the "father." The statute was later amended, however, to include both "spouses" and "biological parents." See, also, *In re Dissolution of Marriage of Lazor, supra,* 59 Ohio St.3d at 202, 572 N.E.2d at 68 (Children have a right to support "regardless of the parents' marital status."). Second, no custody order has been issued with respect to Sheena.

Appellant further argues that the trial court, in determining appellant's current support obligation pursuant to R.C. 3113.215, was required to consider the separation agreement in determining whether it is in the best interest of the minor child to deviate from the guidelines. Appellant relies upon R.C. 3113.215(B)(3)(p), which permits deviation from the guidelines when it is found to be in the best interest of the child considering "[a]ny other relevant factor."

It is sufficient for us to note that the trial court admitted the separation agreement into evidence and addressed this argument in its conclusions of law:

"To adopt the separation agreement in this case would give the child residing with the father a higher level of support simply because she is residing with the parent with the greater income. This clearly was not the intent of the statutes of the State of Ohio."

It was within the trial court's discretion to consider the separation agreement; however, the court was not bound by its provisions. We conclude that the trial court did not abuse its discretion in finding that the best interest of the child would not be served by deviating from the support guidelines. Appellant's first assignment of error is meritless.

Appellant's second assignment of error asserts that the trial court erred in denying his motion to consolidate the URESA proceeding and divorce action.

The Staff Note to Civ.R. 42(A) states, in part:

"Rule 42(A) creates discretionary power in the trial court to effect consolidation without a motion from a party. If a party files such motion, its granting or denial is purely discretionary with the trial court under Rule 42(A)."

Thus, a trial court has discretionary authority in ruling on a Civ.R. 42(A) motion. A reviewing court will not reverse its decision absent a finding of an abuse of discretion, which implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In *Elavsky, supra,* 58 Ohio St.2d at 84, 12 O.O.3d at 90, 388 N.E.2d at 1232, it was stated that "a proceeding under [URESA] is a separate, independent action to enforce support obligations * * * and that '[t]he remedies provided * * * [therein] are in addition to, not in substitution for, any other remedies' (R.C. 3115.02.)" (Citations omitted.)

Assuming appellant preserved his objection to the claimed error, we conclude that the trial court did not abuse its discretion in denying appellant's motion.

Appellant's second assignment of error has no merit.

For the foregoing reasons, the assignments of error are without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and EDWARD J. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.