[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These consolidated appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
These consolidated appeals involve $432 and the claim by appellee Cornerstone-Kugler Mill Square Limited Partnership, in the case numbered 00CV-07115, that appellants Ilya and Naila Goldenberg breached an apartment lease. At trial, the Hamilton County Municipal Court awarded a judgment of $310 to Cornerstone. The Goldenbergs now appeal from judgments of the Hamilton County Municipal Court overruling their objections to two magistrate's decisions that the court adopted.
In their first assignment of error, the Goldenbergs claim the trial court erred in adopting the magistrate's August 2, 2000, pretrial order denying their motion for leave to add a counterclaim two days before trial and five weeks after they had retained counsel. The proposed counterclaim asserted that the lease provision authorizing automatic security-deposit deduction for carpet shampooing and the landlord's failure to itemize damages beyond ordinary wear and tear both violated the Landlord-Tenant Act. Civ.R. 53(C)(3)(a) provides that "the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16 * * * and other orders as necessary to regulate the proceedings." Civ.R. 16 permits pretrial proceedings concerning "the necessity of amendments to the pleadings."
Pursuant to Civ.R. 53(C)(3)(b), the Goldenbergs had ten days in which to appeal the magistrate's order to the municipal court "by filing a motion to set the order aside, stating the party's objections with particularity." The Goldenbergs did not file a motion to set the order aside. They have accordingly waived any error in the magistrate's order save plain error. As the magistrate's order, ratified and adopted by the municipal court, did not call into question "the basic fairness, integrity, or public reputation" of the judicial system, we overrule the first assignment of error. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,679 N.E.2d 1099, syllabus.
The Goldenbergs' second assignment of error is overruled on the basis of Civ.R. 42(A), which vests a trial court with broad discretion to decide whether to grant a motion to consolidate. See McDonnold v.McDonnold (1994), 98 Ohio App.3d 822, 649 N.E.2d 1236. Here, where the Goldenbergs' counterclaim had been properly dismissed in the case numbered 00CV-07115 and then refiled as a complaint in the case numbered 00CV-25256, the trial court did not abuse its discretion in refusing to consolidate the two actions. See AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597, 601.
The third assignment of error, in which the Goldenbergs contend that the trial court erred in dismissing the case numbered 00CV-25256, is overruled. The failure to assert a compulsory counterclaim bars any later attempt to pursue that claim. See Civ.R. 13(A); see, also, Rettig Ent.,Inc. v. Koehler (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, paragraph one of the syllabus; Sherman v. Pearson (1996), 110 Ohio App.3d 70,673 N.E.2d 643.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.