OPINION
{¶ 1} This consolidated appeal arises from the Portage County Court of Common Pleas, wherein appellant, Allstate Insurance Company ("Allstate"), appeals the trial court's dismissal of Allstate's declaratory judgment action.
 {¶ 2} Appellee, Larry Long, Sr. ("Long"), was an assistant football coach for Jackson Milton High School. On September 12, 1997, there was a game played between Jackson Milton and Windham High School. Steve Grant, the son of appellees, Leslie and Cathie Grant, had recently quit the team, feeling he was not getting enough playing time. On that night, Leslie Grant came to the game and stood at the fence yelling at the coaches. After the game, Long walked to his car. Mr. Grant was parked nearby. Mr. Grant yelled an obscenity at Long. Long walked back towards Grant's truck. Grant was getting out of his truck, as Long walked up and restrained Grant by his shoulders, preventing him from getting out of his truck. Grant then kicked Long in the left leg.
 {¶ 3} Long was subsequently charged with misdemeanor assault in Portage County Municipal Court. Long was acquitted of the charge following a trial but was convicted of disorderly conduct and fined $125.
 {¶ 4} On April 1, 1998, the Grants filed a tort action against Long, seeking damages for personal injury. The four-count complaint alleged negligent assault, intentional and malicious assault, a subrogation claim against the U.S. government, and a derivative loss of consortium claim by Mrs. Grant. Allstate retained counsel to defend Long under a reservation of rights.
 {¶ 5} Allstate filed suit against Long and the Grants on October 6, 1998, requesting a declaratory judgment that it owed no duty to defend or indemnify Long against the claims alleged in the tort action. The Grants filed an answer to the complaint, as did Long. In Long's answer, he pled the affirmative defenses of estoppel and laches.
 {¶ 6} In February 1999, the trial court consolidated the two actions on the oral motion of Mr. Grant at a hearing in the tort action, at which Allstate was not present and was not notified of the hearing.
 {¶ 7} Allstate filed a motion for judgment on the pleadings with respect to Long's defenses of estoppel and laches, which the trial court denied. The court then permitted Long's personal counsel to withdraw from the consolidated cases. Allstate continued to provide counsel to Long in the tort action under the reservation of rights. Long proceeded pro se in the declaratory judgment action.
 {¶ 8} In July 1999, Allstate served discovery requests upon Long and the Grants which included requests for admission. Long and Mr. Grant responded to the requests without issue. Allstate, however, took issue with Mrs. Grant's response. The response read, "I cannot truthfully admit or deny request for admissions 1-12 (sic) because I was not present at this altercation on Sept. 12, 1997." Allstate's attorney sent Mrs. Grant's attorney a letter stating that Mrs. Grant's response was not sufficient. Mrs. Grant's attorney responded with a letter confirming the original response. Allstate then filed a motion to deem the requests for admission "admitted" as to Mrs. Grant. The trial court denied the motion.
 {¶ 9} In June 2000, Allstate then filed a motion for summary judgment against all defendants. Allstate alleged that Long's conduct toward Mr. Grant could not be deemed an "occurrence" as that term was defined in the Allstate policy and that an intentional and criminal act exclusion in the policy precluded a duty to defend or indemnify Long in the tort action. The trial court denied summary judgment stating, "[t]his Court finds that an intentional act conducted in self defense is not excluded from the definition of an "occurrence" as that term is defined in the applicable policy of insurance."
 {¶ 10} In January 2001, the Grants voluntarily dismissed the tort action without prejudice under Civ.R. 41(A)(1)(a). The Grants then filed a motion to dismiss Allstate's complaint in the declaratory judgment action as moot. The trial court granted the motion.
 {¶ 11} Allstate filed separate notices of appeal to this court in the tort action and the declaratory judgment action. The two appeals were consolidated for hearing before this court. Allstate asserts three assignments of error.
 {¶ 12} Allstate's first assignment of error is:
 {¶ 13} "The trial court erred in dismissing the declaratory judgment action without issuing a declaratory judgment."
 {¶ 14} Allstate contends that the trial court erred in dismissing its declaratory judgment action as a justiciable controversy still exists.
 {¶ 15} The trial court dismissed the action stating, "[u]pon review and consideration of the motions and pleadings filed herein, the Court concludes that the Grants' motion for dismissal for mootness is well taken."
 {¶ 16} Ohio's Declaratory Judgment Act provides for a special statutory proceeding in which a court may issue a declaratory judgment when presented with an actual controversy.[1] A court may not issue an advisory opinion that would not operate to terminate any existing controversy that is before the court.[2]
 {¶ 17} A trial court's ruling on a complaint for declaratory judgment is reviewed under an abuse of discretion standard.[3] A trial court may only dismiss a declaratory judgment action where (1) no justiciable issue or actual controversy exists, or (2) the declaratory judgment will not terminate the uncertainty or controversy.[4]
 {¶ 18} "A `controversy' exists for purposes of declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant an issuance of a declaratory judgment."[5] An action becomes moot "when resolution of the issues presented are purely academic and will have no practical effect on the legal relations between the parties."[6]
 {¶ 19} In the instant case, the trial court found that the declaratory judgment action filed by Allstate became moot when the Grants dismissed their tort action. We disagree.
 {¶ 20} The Supreme Court of Ohio has held that a justiciable controversy still exists even where no tort action is currently pending against the insured but is merely threatened.[7]
 {¶ 21} The Grants filed a tort action against Long and submitted a claim to Allstate seeking coverage under Long's homeowner's policy. Although the Grants subsequently dismissed their tort action, it was without prejudice under Civ.R. 41(A)(1)(a). The Grants retain their right to refile their court action. Thus, a lingering threat of future litigation still exists. Because the threat of a refiling of the tort action by the Grants remains, a justiciable controversy still exists as to whether Allstate has a duty to defend and indemnify Long in an action brought by the Grants.
 {¶ 22} Moreover, Allstate continued to provide counsel to Long throughout the course of the tort action. Therefore, a declaratory judgment on the issue of coverage would also determine whether Allstate was required to provide counsel or whether Allstate can seek attorney fees for the counsel it provided under a reservation of rights.
 {¶ 23} The trial court abused its discretion in dismissing Allstate's declaratory judgment action without issuing a declaratory judgment.
 {¶ 24} Allstate's first assignment of error is with merit.
 {¶ 25} Allstate's second assignment of error is:
 {¶ 26} "The trial court erred in failing to award summary judgment in favor of Allstate."
 {¶ 27} Allstate argues that the trial court erred in not granting summary judgment in favor of Allstate in the consolidated action. However, we find, as a preliminary matter, that the trial court improperly consolidated the tort action and the declaratory judgment action.
 {¶ 28} Pursuant to Civ.R. 42(A), a court may order the consolidation of pending cases that involve a common question of law or fact. A trial court has discretion to manage the cases before it as long as the rights of the parties are adequately protected.[8] A reviewing court will not reverse the trial court's decision absent an abuse of discretion.[9]
 {¶ 29} In the instant case, the trial court consolidated the two actions on an oral motion by Mr. Grant at a hearing in the tort action in which Allstate was not present and was not notified of the hearing. In its judgment on the motion, the trial court held that the two cases involved common questions of law and fact. We disagree.
 {¶ 30} Although both actions are related to the same incident, the trial court did not have jurisdiction over Allstate in the tort action at the time the two actions were consolidated as Allstate was a party in only the declaratory judgment action. Therefore, the trial court abused its discretion in consolidating the two actions.
 {¶ 31} As we have found that the trial court improperly consolidated the two actions, the motion for summary judgment was not properly before the trial court. Therefore, Allstate's second assignment of error is without merit.
 {¶ 32} Allstate's third assignment of error is:
 {¶ 33} "The trial court erred in failing to deem Allstate's requests for admission admitted as to defendant Cathie J. Grant."
 {¶ 34} Allstate contends that Mrs. Grant's response to the requests for admission were insufficient and, thus, constitute admissions.
 {¶ 35} Civ.R. 36(A) provides that, during discovery, a party may serve written requests for admissions to another party. The rule also sets forth proper methods of responding to such requests, including when a party has properly admitted or denied the allegations set forth in the request for admission, "[t]he matter is admitted unless, within a period designated in the request, *** the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."[10] The rule also states, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."[11]
 {¶ 36} Allstate argues that Mrs. Grant never made a reasonable inquiry into the matter before asserting a lack of knowledge to the requests for admission. Allstate further contends that Mrs. Grant needed only to "ask her husband" about the incident in question in order to make a reasonable inquiry. There are a total of ten requests for admission. Four of the ten requests deal specifically with events of the incident itself. Five of the requests ask Mrs. Grant to categorize Mr. Long's conduct (i.e. assault, battery, negligence). The remaining request asks whether Mr. Long was convicted of a criminal offense as a result of the incident.
 {¶ 37} We find the trial court did not err when it refused to deem Mrs. Grant's responses "admitted." The better practice would have been to state in her response that she could not truthfully admit or deny the requests for admission after a reasonable inquiry into the matter. However, the requests refer to Mr. Long's conduct on the night in question. Clearly, Mrs. Grant, not being present, would have no knowledge of the occurrence and merely referring to her husband for his opinion on the matter would not be sufficient to enable Mrs. Grant to admit or deny the substance of the requests.
 {¶ 38} Allstate's third assignment of error is without merit.
 {¶ 39} The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
DONALD R. FORD, J., concurs.
ROBERT A. NADER, J., concurs in judgment only.
[1] R.C. 2721.
[2] R.C. 2721.07; Radaszewski v. Keating (1943), 141 Ohio St. 489.
[3] Bilyeu v. Motorists Mutual Ins. Co. (1973), 36 Ohio St.2d 35, syllabus.
[4] Indiana Ins. Co. v. M.D.O. Homes, Inc., 11th Dist. No. 2000-L-167, 2001-Ohio-8760.
[5] Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 13, citing BurgerBrewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93.
[6] (Citations omitted.) Id. at 13.
[7] Travelers Indemn. Co. v. Cochrane (1951), 155 Ohio St. 305.
[8] Perry v. Perry Local Sch. Dist. (June 23, 2000), 11th Dist. No. 99-L-174, 2000 Ohio App. LEXIS 2767, at *6, quoting Dir. of Highways v.Kleines (1974), 38 Ohio St.2d 317, 320.
[9] McDonnold v. McDonnold (1994), 98 Ohio App.3d 822, 827.
[10] Civ.R. 36(A).
[11] Id.