THE STATE EX REL. NATIONAL CITY BANK, APPELLANT,
v. MALONEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Natl. City Bank v. Maloney,*
103 Ohio St.3d 93, 2004-Ohio-4437.]

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(No. 2004–0094—Submitted July 20, 2004—Decided September 8, 2004.)

■■■■■■■■■■■■■■■■■■■■

———————

**Per Curiam.**

{¶ 1} Appellant, National City Bank ("National City"), administers certain trusts in which it acts as testamentary trustee. From September through November 1998, appellee, Judge Timothy P. Maloney of the Mahoning County Common Pleas Court, Probate Division, considered the fees charged by National City in approximately 154 trusts in which National City acted as trustee. In 1999, Judge Maloney denied the fees.

{¶ 2} On appeal, the court of appeals held that Judge Maloney had erred in denying all fees charged by National City. *In re Testamentary Trust of Manning*, Mahoning App. No. 99–CA–92, 2002-Ohio-5239, 2002 WL 31169522. The court of appeals held that "the judgment of the trial court is hereby reversed and this cause is remanded for a hearing to determine an appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors." d., at ¶ 25.

{¶ 3} On June 23, 2003, National City filed a request with the probate court for a hearing relating to the bank's fees. In its request, National City claimed that *Manning* required the hearing. The clerk of the probate court then scheduled a hearing for July 22, 2003. On June 24, 2003, Judge Maloney by entry canceled the hearing on fees and stated that he would "reset these matters."

{¶ 4} On July 30, 2003, after another month passed with no hearing on fees, National City filed a complaint in the Court of Appeals for Mahoning County. National City sought a writ of mandamus to compel Judge Maloney to set a hearing and determine the appropriate amount of fiduciary fees within 30 days from the date of the hearing. National City also requested damages under R.C. 2731.11 for Judge Maloney's "refusal to comply" with the court of appeals opinion "in a timely fashion."

{¶ 5} On August 12, 2003, Judge Maloney issued an order directing National City to (1) provide a detailed list of each case that should be set for evidentiary hearing with the applicable account number, (2) separately list any case closed since the court's 1998 process and assure the court that cases it intended to proceed on had been properly reopened, and (3) submit itemized accounts, fee applications for each account, and the court's computation schedule with all supporting documents. In his order, Judge Maloney specified that once National City had fully complied with the foregoing orders, he would "begin to set hearings on each of the affected cases."

{¶ 6} On September 26, 2003, Judge Maloney issued an amended notice of hearing to National City. Judge Maloney set hearing dates for over 40 of the 154 cases. Judge Maloney advised in the court of appeals that by his August 12, 2003 and September 26, 2003 orders, "the probate court is considering each of the 154 accounts individually on remand" although they had been consolidated for purposes of the *Manning* appeal.

{¶ 7} On October 3, 2003, the court of appeals granted National City's motion to stay the separate hearings in the 154 cases before Judge Maloney. National City claimed that the court of appeals' judgment in *Manning* required a single hearing covering the 154 cases.

{¶ 8} On December 9 and 15, 2003, the court of appeals vacated its stay and dismissed National City's mandamus claim.

{¶ 9} On appeal, National City asserts that the court of appeals erred in dismissing its mandamus claim. National City contends that its mandamus claim was not rendered moot, because *Manning* mandated a single hearing rather than 154 individual hearings.

{¶ 10} We reject National City's mandamus claim. Insofar as National City requested a writ of mandamus to compel Judge Maloney to conduct fee hearings in the 154 cases, Judge Maloney is proceeding to hold these hearings, as he specified in his August 12, 2003 and September 26, 2003 orders. " 'Mandamus does not lie to compel an act that has already been performed.' " *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 449, 451, 755 N.E.2d 883, quoting *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223.

{¶ 11} Moreover, Judge Maloney's decision on whether to hold separate hearings in the 154 cases was within his discretion. See, e.g., Civ.R. 42 and 73(A); see, also, *McDonnold v. McDonnold* (1994), 98 Ohio App.3d 822, 827, 649 N.E.2d 1236 (trial court has discretionary authority in ruling on a motion to consolidate, and a reviewing court will not reverse a trial court's decision absent a finding of abuse of discretion). A "writ of mandamus will not issue to control judicial discretion, *even if that discretion is abused.*" (Emphasis added.) *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771; R.C. 2731.03.

{¶ 12} Furthermore, the court of appeals implicitly rejected National City's contention that its previous mandate in *Manning* required a single hearing of the 154 cases. That court was in "the best position" to determine whether its mandate in *Manning* had been disobeyed. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355. "[I]n general, '[t]he use of mandamus to enforce a judgment is not popular and widespread because other avenues of

enforcement [e.g., motion for contempt] are readily available.'" *State ex rel. Shemo v. Mayfield Hts.* (2001), 93 Ohio St.3d 1, 5, 752 N.E.2d 854, quoting *Hunt v. Westlake City School Dist. Bd. of Edn.* (1996), 114 Ohio App.3d 563, 568, 683 N.E.2d 803.

{¶ 13} Finally, as the court of appeals held, National City is not entitled to damages under R.C. 2731.11 because it was not entitled to the requested writ of mandamus. R.C. 2731.11 specifies that a relator in a mandamus action "may recover the damages which he has sustained," but only "[i]f judgment in a proceeding for a writ of mandamus is rendered for the plaintiff." A writ of mandamus must be granted before a claim for damages may be considered. See *Judy v. Ohio Bur. of Motor Vehicles,* 100 Ohio St.3d 122, 2003-Ohio-5277, 797 N.E.2d 45, ¶ 20, quoting *Hubbard v. Canton City School Bd. of Edn.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14 ("'where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom'").

{¶ 14} Based on the foregoing, the court of appeals did not err in dismissing National City's mandamus claims. These claims were either moot or lacked merit. Therefore, we affirm the judgment of the court of appeals. We do order that Judge Maloney promptly set the necessary hearing and promptly determine the fiduciary fees to which National City is entitled.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., Richard J. Thomas and Scott C. Essad, for appellant.

Montgomery, Rennie & Jonson, Ralph E. Burnham and Hope A. Smith, for appellee.