[Cite as *State ex rel. Manor Care, Inc. v. Bur. of Workers' Comp.*, 2019-Ohio-2622.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond L. Eichenberger, | : | |
| Relator, | : | |
| v. | : | No. 19AP-98 |
| Judge Terri B. Jamison et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on June 28, 2019

**On brief:** *Raymond L. Eichenberger*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} In this original action, relator, Raymond L. Eichenberger, filed his complaint in mandamus seeking a writ compelling respondent, Judge Terri B. Jamison of the Franklin County Court of Common Pleas, Division of Domestic Relations, to rule on the merits of relator's underlying divorce matter and release to relator an appeal bond posted by relator. Relator also names the administrative judge of the domestic relations court as a respondent, but the complaint does not specify any claim or relief sought against this party. Relator further seeks an award of attorney fees and court costs he has expended in this mandamus action.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate, who issued the appended decision, including findings of fact and conclusions of law. The magistrate sua sponte reviewed the trial court

record in this case and took judicial notice of later proceedings before the trial court in Franklin C.P. No. 14DR-4674. The magistrate noted that the trial court had set this case for hearing on May 8, 2019 and was proceeding toward final judgment with this case. Accordingly, the magistrate concluded the matter had become moot because relator had obtained the result corresponding to the relief sought in this case. The magistrate recommended this court sua sponte dismiss this action.

{¶ 3} Relator has filed the following two objections to the magistrate's decision:

> [I.] THE MAGISTRATE ERRED AS A MATTER OF LAW BY EITHER REFUSING TO RECOGNIZE THE MANDAMUS CASE AS AUTOMATICALLY STAYING THE LOWER COURT ACTION, OR BY REFUSING TO GRANT THE RELATOR'S MOTIONS FOR A STAY OF THE LOWER COURT PROCEEDING.
>
> [II.] THE MAGISTRATE ERRED AS A MATTER OF LAW IN STATING THAT THE TRIAL COURT HAD A RIGHT TO PROCEED WITH THE UNDERLYING TRIAL COURT CASE IN ORDER TO MAKE THE MANDAMUS ACTION MOOT.

{¶ 4} We will discuss the objections together as relator's arguments in support thereof are intertwined. Relator argues as follows:

> 1) it is a uniform and common practice in Ohio and Franklin County courts that a trial judge will not proceed forward in a case when a Mandamus action has been filed in the underlying case, 2) a trial Court lacks jurisdiction in a case when an appeal has been filed (and the Mandamus action is a quasi-appeal and has all of the characteristics of an appeal), and, 3) Ohio courts have held that the Stay provisions of Civil Rule 62 govern the filing of Writs in the courts of Ohio, including a Complaint for a Writ of Mandamus.

(Relator's Objs. at 3.)

{¶ 5} Relator points this court to *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). *Special Prosecutor's* states: "The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided." *Id.* Relator confuses a direct appeal with a complaint in mandamus or procedendo. Contrary to relator's argument, *Special Prosecutors* does not hold that a trial court lacks jurisdiction to proceed on a case when a mandamus action seeking an order to compel a trial court to proceed on the same case is pending in the court

of appeals. Neither do *State ex rel Geauga Cty. Bd. of Commrs. v. Milligan*, 100 Ohio St.3d 366, 2003-Ohio-6608, nor *State ex rel Ocasek v. Riley*, 54 Ohio St.2d 488 (1978).

{¶ 6} Indeed, this court as well as the Supreme Court of Ohio have on numerous occasions determined to be moot a complaint in mandamus or procedendo where the trial court judge has performed the very action the complaint seeks to compel while the complaint is pending.

{¶ 7} In *State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, the Supreme Court affirmed this court's denial of a writ seeking to compel a trial court judge to rule on his pending postconviction motions. The court stated:

> In November 2002, Hamilton filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee, Franklin County Common Pleas Court Judge Jennifer L. Brunner, to rule on his pending postconviction motions and to correct his judgment entry to reflect that the common pleas court never obtained jurisdiction over him. [While the complaint was pending], [o]n July 23, 2003, Judge Brunner denied Hamilton's petition for postconviction relief and pending motions. On July 25, 2003, Judge Brunner moved to dismiss Hamilton's mandamus petition. The court of appeals converted the dismissal motion to a motion for summary judgment.
>
> On September 30, 2004, the court of appeals denied the writ.
>
> We affirm the judgment of the court of appeals.
>
> Hamilton requested a writ of mandamus to compel Judge Brunner to rule on his postconviction petition and motions. She did so on July 23, 2003." 'Mandamus does not lie to compel an act that has already been performed.' " *State ex rel. Natl. City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 10, quoting *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 1999 Ohio 470, 704 N.E.2d 1223.

*Id.* at ¶ 2-5.

{¶ 8} In *Hamilton*, the Supreme Court did not determine the trial court lacked jurisdiction to rule on his motions while the complaint for mandamus was pending. Rather, the Supreme Court affirmed the denial of the writ noting the act had already been performed.

{¶ 9}   Citing *Hamilton*, the Eleventh District Court of Appeals addressed this very question in *State ex rel. Krihwan v. Falkowski*, 11th Dist. No. 2009-L-093, 2010-Ohio-2286.  The court held the filing of a mandamus action seeking to compel a trial court judge to act on a pending action, does not deprive the trial court of jurisdiction.   The court reasoned:

> Under her second argument, relator contends that the merits of the instant action have not become moot because, by the time respondent issued the six judgment entries in question, she did not have jurisdiction over the underlying divorce proceeding. According to relator, the commencement of this action in mandamus had the effect of depriving respondent of the authority to go forward.
>
> As a general proposition, the act of perfecting a direct appeal from a final judgment does have the effect of divesting a trial judge of jurisdiction over any matters which will be subject to review before the appellate court. *State ex rel. Rock v. School Employees Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, at ¶ 8, 772 N.E.2d 1197. However, since any original action before an appellate court does not directly stem or arise from a trial proceeding in the same manner as an appeal, the act of filing such an action does not have the identical effect on the trial judge's authority to proceed. In other words, even though the subject matter of an original action might relate to a trial proceeding, it still constitutes a separate legal action; therefore, the pendency of an original action has no effect on the jurisdiction of the trial judge unless a stay of the trial proceedings has been granted.
>
> As to this point, this court would also indicate that the Supreme Court of Ohio has consistently held that a judge's completion of the requested act after the filing of the mandamus claim will render the relator's claim moot. *See State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005 Ohio 1735, 825 N.E.2d 607; *State ex rel. National City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58. Obviously, such a holding would not be feasible if the mere commencement of a mandamus action was sufficient to deprive the trial judge of jurisdiction to perform the disputed act.

*Krihwan* at ¶ 17-19.

{¶ 10} We agree with our fellow judges in the Eleventh District and adopt the holdings. Therefore, we reject relator's argument that the trial court lacked jurisdiction to: (1) hold a hearing to address the remand in *Irvin v. Eichenberger,* 10th Dist. No. 16AP-657, 2017-Ohio-5601, and relator's motion for repayment of $3,500 paid in lieu of appeal bond, and (2) to rule on the remand.

{¶ 11} As we have determined that the trial court had jurisdiction to rule on the remand in *Irvin*, and the trial court has already done the same, it is not necessary for us to consider relator's arguments that he is entitled to a stay of the proceedings.

{¶ 12} Accordingly, we determine to be moot that portion of relator's complaint in mandamus which seeks to compel the trial court judge to rule on the remand in *Irvin* as that act has already been completed.

{¶ 13} Furthermore, we deny that portion of relator's complaint in mandamus which seeks to compel the trial court judge to rule on the motion for repayment of $3,500 paid in lieu of appeal bond as it appears the trial court judge held a hearing on the same on May 8, 2019 and, thus, there is an adequate remedy at law.

{¶ 14} Finally, in this court, relator also filed a motion for an emergency stay of trial court proceedings. We denied the motion for an emergency stay on April 30, 2019. Relator filed a motion to reconsider our denial on May 1, 2019. For the reasons we have articulated above, we deny reconsideration of our original denial of relator's motion for an emergency stay.

{¶ 15} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly stated the facts and applied the appropriate law. Therefore, we overrule relator's two objections to the magistrate's decision and adopt the decision as modified above as our own. Accordingly, the requested writ of mandamus is determined to be moot in part and denied in part.

*Motion denied; objections overruled;*
*writ of mandamus determined to be moot in part and denied in part.*

KLATT, P.J., and SADLER, J., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond L. Eichenberger, | : | |
| Relator, | : | |
| v. | : | Case No. 19AP-98 |
| Judge Terri B. Jamison et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 25, 2019

*Raymond L. Eichenberger*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee*, for respondents.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 16} Relator, Raymond L. Eichenberger, filed his complaint in mandamus seeking a writ compelling respondent, Judge Terri B. Jamison of the Franklin County Court of Common Pleas, Division of Domestic Relations, to rule upon the merits of relator's underlying divorce matter and release to relator an appeal bond posted by relator. Relator also names the administrative judge of the domestic relations court as a respondent, but the complaint does not specify any claim or relief sought against this party. Relator further seeks an award of attorney fees and court costs he has expended in this mandamus action. Relator also filed a motion for an emergency stay of trial court proceedings.

{¶ 17} The magistrate has sua sponte reviewed the complaint and trial court record and concludes that the action has become moot and must be dismissed. Given the posture

of the case, the following findings of fact are based, where appropriate, on the allegations in the complaint. The magistrate has also taken judicial notice of later proceedings before the trial court.

<u>Findings of Fact:</u>

{¶ 18} 1. Relator is a party to a divorce case pending before Judge Jamison under case No. 14DR12-4674 in the Franklin County Court of Common Pleas, Domestic Relations.

{¶ 19} 2. The domestic relations court issued a final decree of divorce on September 7, 2016.

{¶ 20} 3. Relator appealed the decree to this court and we reversed on points relating to the division of assets and remanded to the trial court for further proceedings. *Irvin v. Eichenberger*, 10th Dist. No. 16AP-657, 2017-Ohio-5601. We rendered that decision on June 29, 2017.

{¶ 21} 4. Relator appealed this court's decision to the Supreme Court of Ohio, which declined to accept his discretionary appeal by entry dated May 9, 2018. *Irvin v. Eichenberger*, 152 Ohio St.3d 1462, 2018-Ohio-1795.

{¶ 22} 5. Relator filed his complaint in mandamus with this court on February 19, 2019. The complaint asserts that Judge Jamison has unreasonably delayed action in the case in the interval since the Supreme Court declined jurisdiction in May 2018, refused to enter a final decree complying with the remand from this court's decision, and refused to rule on his motion to return a cash appeal bond.

{¶ 23} 6. On March 15, 2019, relator filed a motion asking this court to stay proceedings in the trial court during the pendency of this mandamus action.

{¶ 24} 7. Respondents filed their motion to dismiss relator's complaint on March 20, 2019, alleging that relator's complaint fails to state a claim upon which relief can be granted.

{¶ 25} 8. Relator filed his memorandum contra the motion to dismiss on April 3, 2019. Respondents filed their reply memorandum on April 10, 2019.

{¶ 26} 9. On April 16, 2019, the Supreme Court rejected for the fourth time relator's attempt to have Judge Jamison removed from the case by affidavit of prejudice. *In re Disqualification of Hon. Terri Jamison*, Supreme Court No. 19-AP-038 (Jgmt. Entry and Decision).

{¶ 27}  10. On March 18, 2019, the trial court entered an order signed by both parties setting multiple pending motions in the case for hearing on April 9, 2019.

{¶ 28}  11. On April 9, 2019, the trial court entered an order signed by both parties continuing the case with a new hearing date of May 8, 2019.

Discussion and Conclusions of Law:

{¶ 29}  In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty for the respondent to perform the requested act, and the absence of a plain and adequate remedy for relator in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶ 30}  Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631,¶ 5; *see also*, *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St.3d 461, 462 (1995) (In general, "a writ * * * is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.").  However, a writ will not issue to compel the performance of a duty that has already been performed.  *State ex rel. Graham v. Niemeyer*, 106 Ohio St.3d 466, 2005-Ohio-5522, ¶ 4, citing *State ex rel. Bortoli v. Dinkelacker*, 105 Ohio St.3d 133, 2005-Ohio-779, ¶ 3.  An appellate court " 'can take judicial notice that the requested act has been performed.' " *State ex rel. Hillman v. Brown*, 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4-5, quoting *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 12 MA 218, 2013-Ohio-428, ¶ 8, *citing State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 31}  The magistrate accordingly takes judicial notice of the procedural events outlined in the above findings of fact, and ascertains that the trial court has set the matter for hearing to address the motions discussed by appellant in his mandamus complaint and to proceed towards final judgment with the case.  As a result, the magistrate concludes the present matter has become moot because relator has obtained the result corresponding to the relief sought in this case.  This court having jurisdiction only over live controversies, this original action must be dismissed for lack of jurisdiction. *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4; *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.); *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11; *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948).

{¶ 32} It is the magistrate's decision that this court sua sponte dismiss this action. Relator's motion for fees and costs is denied, such relief being predicated on obtention of the requested writ. Relator's motion for a stay of proceedings in the trial court is denied. Respondents' motion for dismissal for failure to state a claim is rendered moot.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).