[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 331.]

THE STATE EX REL. CARROLL, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Carroll v. Corrigan*, 2001-Ohio-54.]

*Mandamus sought to compel common pleas court judge to provide findings of fact and conclusions of law on denial of relator's successive petition for postconviction relief–Court of appeals' dismissal of petition affirmed.*

(No. 00-2001—Submitted February 27, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78131.

_____

*Per Curiam.*

{¶ 1} In 1991, appellant, Daniel Carroll, was convicted of cocaine possession, carrying a concealed weapon, and having a weapon while under disability, with various accompanying specifications, and he was sentenced to prison. On appeal, the court of appeals affirmed the judgment. See *State v. Carroll* (June 10, 1993), Cuyahoga App. No. 62747, unreported, 1993 WL 204587; see, also, *State v. Carroll* (1995), 72 Ohio St.3d 87, 647 N.E.2d 784, where we affirmed the denial of Carroll's application to reopen the appeal.

{¶ 2} In October 1993, Carroll filed a petition for postconviction relief, which the common pleas court denied in 1994.

{¶ 3} In 1995, Carroll filed a second petition for postconviction relief in which he requested that his trial court correct his "illegal" sentence. In May 1996, appellee, Cuyahoga County Common Pleas Court Judge Daniel O. Corrigan, denied the requested relief.

{¶ 4} In 1998, Carroll filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Corrigan to issue findings of fact and conclusions of law on his May 1996 denial of Carroll's second petition for postconviction relief. The court of appeals denied the writ, and, in

1999, we affirmed the judgment because "Judge Corrigan did not have any duty to issue findings of fact and conclusions of law on Carroll's successive petition for postconviction relief." *State ex rel. Carroll v. Corrigan* (1999), 84 Ohio St.3d 529, 530, 705 N.E.2d 1226, 1227.

{¶ 5} In June 2000, Carroll filed another complaint in the court of appeals, again requesting a writ of mandamus to compel Judge Corrigan to provide findings of fact and conclusions of law on his May 1996 denial of Carroll's successive petition for postconviction relief. The court of appeals subsequently dismissed the petition.

{¶ 6} In his appeal as of right from that dismissal, Carroll asserts that because his second petition for postconviction relief raised different issues from his first petition, a writ of mandamus should be granted to compel Judge Corrigan to render findings of fact and conclusions of law on the 1996 denial of Carroll's second petition for postconviction relief.

{¶ 7} Carroll's assertion is meritless. *Res judicata* bars Carroll from seeking the same relief in this mandamus action that he requested in his previous mandamus action. See, *e.g., State ex rel. Collins v. Pokorny* (1999), 86 Ohio St.3d 70, 71, 711 N.E.2d 683, 684. The judgment in his first mandamus action is conclusive on all claims that either were or *might have been* litigated in the first lawsuit. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958, 962.

{¶ 8} Moreover, even if *res judicata* did not bar Carroll's second mandamus action, he was not entitled to the requested extraordinary relief because the issuance of findings of fact and conclusions of law on his successive petition was within Judge Corrigan's discretion, and a writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1008; R.C. 2731.03 and 2953.23(A).

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Daniel Carroll, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Andrew J. Nichol*, Assistant Prosecuting Attorney, for appellee.

_____