PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Dennis King, requests that this court compel respondent court of common pleas "to issue forth written findings of fact and conclusions of law to support its July 19, 2002 denial of Relator's Request to Withdraw Guilty Plea and Plead Anew . . ." in State v. King, Cuyahoga County Court of Common Pleas Case Nos. CR-353606, 354889, 379298 and 379299. (Ellipsis and capitalization in original.) For the reasons stated below, we dismiss this action sua sponte.
 {¶ 2} In King v. Cuyahoga Cty. Court of Common Pleas, Cuyahoga App. No. 81636, 2002-Ohio-4595, King "filed a complaint for a writ of mandamus to have this court order the Cuyahoga County Court of Common Pleas to issue findings of fact and conclusions of law with regard to the denial of his motion to withdraw pleas of guilty in the underlying cases of State v. Dennis King, Cuyahoga County Court of Common Pleas Case Nos. CR-353606, CR-[354889], CR-379298, and CR-379298." (Due to a clerical error, Case No. CR-354889 was identified as CR-354899.) A review of the complaint in Case No. 81636 reflects that in that case King requested relief in mandamus to compel the issuance of findings of fact and conclusions of law with respect to the same denial of the motion to withdraw guilty plea (dated July 19, 2002 and received for filing on July 25, 2002) which is the subject of this action. In Case No. 81636, this court dismissed the complaint in mandamus sua sponte.
 {¶ 3} "This court has held that Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law following the denial of a motion to withdraw a plea of guilty. * * * Since the Cuyahoga County Court of Common Pleas owes no duty to King to issue findings of fact and conclusions of law, King's complaint for a writ of mandamus fails to state a claim upon which relief can be granted and must be dismissed." King, supra, at ¶ 2 (citations omitted).
 {¶ 4} Obviously, the same rule of law applies in this action. As a consequence, we must dismiss this action as well for failure to state a claim upon which relief can be granted.
 {¶ 5} Furthermore, Case No. 81636 is res judicata. In State exrel. Carroll v. Corrigan, 91 Ohio St.3d 331, 2001-Ohio-54, the Supreme Court affirmed this court's dismissal of an action in mandamus. Carroll had filed a second mandamus action seeking to compel a judge of the court of common pleas to issue findings of fact and conclusions of law regarding a successive petition for postconviction relief. This court held that res judicata barred the second action in mandamus and the Supreme Court agreed.
 {¶ 6} In this action, King is requesting the same relief which this court considered and rejected in Case No. 81636. Carroll, supra, requires that we conclude that res judicata bars the claim King asserts in this case as well.
 {¶ 7} Accordingly, relator's complaint in mandamus is dismissed sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
 ANNE L. KILBANE, P.J., AND JAMES J. SWEENEY, J., CONCUR.