JOURNAL ENTRY OPINION
{¶ 1} On January 28, 2004, Petitioner filed a Petition for Writ of Mandamus seeking an order to compel Respondent to proceed to judgment on a remand order issued by this Court to determine if a conflict of interest existed between Petitioner and his counsel. An evidentiary hearing was held on June 15, 2001 and several briefs were filed, but Respondent had not issued judgment at the time this Petition was filed.
 {¶ 2} On March 29, 2004, the Respondent filed a motion to dismiss this action as moot. Attached thereto is a copy of a judgment entry filed under Common Pleas Case No. 88 CR 634, captioned State v. Thomas A. Kemp, wherein the trial court overruled Petitioner's motions asserting a conflict existed between himself and his defense counsel.
 {¶ 3} In order to grant a writ of mandamus, the court must find that the petitioner has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act and that the petitioner has no other plain and adequate remedy at law. State ex rel. Hodges v. Taft
(1992), 64 Ohio St.3d 1, 591 N.E.2d 1186. The writ is to be used to command the performance of a specific act specially enjoined by law to be performed. Cullen v. State ex rel. Toledo (1922),105 Ohio St. 545. A writ of mandamus will not issue to control judicial discretion. State ex rel. Carroll v. Corrigan (2001),91 Ohio St.3d 331, 744 N.E.2d 771. In this case the trial court has overruled Petitioner's motion to find that a conflict of interest existed.
 {¶ 4} It is established law that a writ of mandamus will not issue to compel an act already performed. State ex rel.Jerninghan v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278.
 {¶ 5} As the trial court has proceeded to judgment, there is no further relief which this Court may provide. Petition dismissed as moot. Costs are taxed against Petitioner.
Waite, P.J., and Donofrio and Vukovich, JJ., concur.
Final order. Copy to counsel or unrepresented party pursuant to the civil rules.