JOURNAL ENTRY AND OPINION
{¶ 1} BP Products North America ("BP") appeals from the judgment of the trial court which rejected its challenge to the constitutionality of Oakwood Village Ordinance 2000-24, as applied to property on which it plans to build a gasoline service station. For the reasons set forth below, we affirm.
 {¶ 2} The record reveals that in November 2000, voters in the Village of Oakwood approved Issue 125, which, among other things, eliminated gasoline service stations as a permitted use in a local business district and as a conditional use in a general business district. As a result of this legislation, proposed gasoline service stations are confined to areas designated as "Motorists Service Districts."
 {¶ 3} The record further reflects that BP acquired an interest in three contiguous parcels of property located on Broadway Avenue in the Village of Oakwood and proposed to construct a gasoline service station. These parcels are zoned for general business.
 {¶ 4} In December 2000, BP applied to the Oakwood Planning Commission for approval of the construction of a gasoline service station on the subject property. The matter was heard on various dates in early 2001. On May 7, 2001, the planning commission denied the application pursuant to the zoning changes encompassed within Issue 125.
 {¶ 5} BP filed an appeal of the planning commission's denial to the Court of Common Pleas pursuant to R.C. Chapter 2506, in Common Pleas Case Number 440713. On September 15, 2003, the trial court affirmed the decision of the planning commission. BP did not appeal this ruling.
 {¶ 6} On September 5, 2001, BP filed the instant action for declaratory judgment in which it sought a declaration that the ordinances are unconstitutional as applied and/or enacted. On September 12, 2003, the trial court ruled that "Oakwood's prohibition is not arbitrary, capricious, unreasonable, unrelated to public health, or unconstitutional."
 {¶ 7} BP now appeals and assigns two errors for our review.
 {¶ 8} BP's first assignment of error states:
 {¶ 9} "The trial court erred in applying the conjunctive standard set forth in the now-disfavored opinion of the Ohio Supreme Court in Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 228 (See journal entry and opinion of Judge Joseph Russo, September 12, 2003 at pp. 4-5)."
 {¶ 10} Within this assignment of error, BP asserts that the trial court evaluated the evidence before it in accordance with the standard announced in Gerijo, Inc. v. Fairfield, supra, which has been modified, and failed to apply the correct law as set forth in State ex rel. Shemo v. Mayfield Hts. (2002),95 Ohio St.3d 59, 765 N.E.2d 345 and Goldberg Cos., Inc. v.Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 211,690 N.E.2d 510.
 {¶ 11} In Shemo, the Supreme Court determined that the application of a zoning ordinance to the particular property is constitutionally invalid where "it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land" (Emphasis added). Id.
 {¶ 12} The Court further noted that "in previous cases we have applied the test in a conjunctive fashion, * * * See, e.g.,Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,638 N.E.2d 533, syllabus, modified in part in Goldberg, 81 Ohio St.3d 207,690 N.E.2d 510, syllabus."
 {¶ 13} In Goldberg, the Court explained its modification ofGerijo as follows:
 {¶ 14} "A zoning regulation may be either constitutional or unconstitutional based upon whether it is `clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare' regardless of whether it has deprived the landowner of all economically viable uses of the land Euclid v. Ambler, 272 U.S. at 395, 47 S.Ct. at 121,71 L.Ed. at 314. If the landowner has challenged the constitutionality of zoning and also alleged that it constitutes a taking of the property, the case is terminated if the zoning is found to be unconstitutional, because the landowner is free of the zoning that restricted the use of the land However, if the zoning is determined to be constitutional, a court may then consider whether the zoning, as applied to this property, constitutes a taking so as to entitle the owner to compensation. In such a case, the zoning remains in effect as a legitimate exercise of police power for the public welfare.
 {¶ 15} "* * *
 {¶ 16} "Therefore, we reinstate the test set forth in Euclidv. Ambler and hold that a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains `beyond fair debate.'" (Citation omitted).
 {¶ 17} In this matter, the trial court stated as follows:
 {¶ 18} "* * * Constitutionality of zoning regulations depends upon whether the regulation is clearly arbitrary and unreasonable, having no substantial relation to public health, safety, morals, or general welfare; it does not depend uponwhether the regulation deprives a landowner of all economicallyviable uses of the land Goldberg Cos., Inc. v. Richmond Hts.City Council (1998), 81 Ohio St.3d 207." (Emphasis added.)
 {¶ 19} The court then proceeded through an analysis of the history behind the legislation, including the Village's determination that gasoline service stations generate high amounts of traffic, a low number of jobs and taxes, and that it is preferable from the Village's standpoint that such uses are preferred near major highway interchanges. The court also noted that, at the public meetings before the planning commission, residents also voiced concern over crime.
 {¶ 20} From the foregoing, we are unable to credit BP's contention that the trial court failed to apply the correct law to this dispute. Lacking such support in the record, this assignment of error is without merit and is overruled. Cf. L.A. D. Inc. v. Bd. of Commrs. (1981), 67 Ohio St.2d 384, 388.
 {¶ 21} BP's second assignment of error states:
 {¶ 22} "The decision of the trial court holding that BP failed to establish beyond fair debate that the land use restrictions imposed by the zoning code of the Village of Oakwood upon BP's property were unreasonable and did not substantially advance the public health, safety, welfare and morals is contrary to law, as articulated by the Ohio Supreme Court in its decision in Karches v. Cincinnati (1988), 38 Ohio St.3d 12,526 N.E.2d 1350."
 {¶ 23} In opposition, the Village asserts that because BP failed to raise this argument in its R.C. Chapter 2506 appeal, it is barred by res judicata.
 {¶ 24} There is support for the Village's argument inasmuch as R.C. 2506.04 provides in relevant part as follows:
 {¶ 25} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *."
 {¶ 26} Further, it is well-settled that res judicata generally bars litigation of all claims that either were or might have been litigated in a first lawsuit. State ex rel. Carroll v.Corrigan (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771.
 {¶ 27} Moreover, failure to raise the issue of constitutionality in the R.C. 2506 appeal was deemed a bar to an "as applied" challenge to the constitutionality of the zoning ordinance in Wingard v. City of Stow (Apr. 6, 1988), Summit App. No. 13255 ("the issue of the constitutionality of the Zoning Ordinance as it applies to Wingard's proposed use was or could have been raised in the appeal and accordingly, res judicata applies."). See, also, Clinton Twp. Bd. of Trs. v. Yackee,
Fulton App. No. F-03-001; Am. Outdoor Adver. Co. LLC v. JeromeTwp. Bd. of Trs., Union App. No. 14-03-06.
 {¶ 28} In any event, we concur with the decision reached by the trial court.
 {¶ 29} Pursuant to Civ.R. 56, a court may enter a summary judgment for the nonmoving party when (1) the entry of summary judgment against the moving party does not prejudice his or her due process rights; (2) all relevant evidence is before the court; (3) no genuine issue as to any material fact exists; and (4) the nonmoving party is entitled to judgment as a matter of law. State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers'Comp. (1986), 27 Ohio St.3d 25, 28, 500 N.E.2d 1370.
 {¶ 30} In evaluating whether regulations prescribed by a zoning ordinance have a real or substantial relation to the public health, safety, morals or general welfare, we note that:
 {¶ 31} "The determination of the question of whether regulations prescribed by a zoning ordinance have a real or substantial relation to the public health, safety, morals or general welfare is committed, in the first instance, to the judgment and discretion of the legislative body. Where such a judgment deals with the control of traffic, volume of traffic, burden of traffic, effect upon valuation of property, municipal revenue to be produced for the city, expense of the improvement, land use consistent with the general welfare and development of the community as a whole, or, in short, where the judgment is concerned with what is beneficial or detrimental to good community planning, it is in the first instance a legislative and not a judicial matter. The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable."
 {¶ 32} Willott v. Beachwood (1964), 175 Ohio St. 557, 560,197 N.E.2d 201.
 {¶ 33} We further note that a local government may "properly exercise its zoning authority in an attempt to preserve and protect the character of designated areas" to promote "the overall quality of life." Franchise Developers, Inc. v.Cincinnati (1987), 30 Ohio St.3d 28, 33, 505 N.E.2d 966; JamesPlace Properties, Inc. v. Madison Twp. Bd. of Trustees (Sept. 25, 1998), Lake App. No. 97-L-143, unreported; Singer v. Troy
(1990), 67 Ohio App.3d 507 at 514, 587 N.E.2d 864. In addition, zoning may be properly used for the purpose of increasing or maintaining property values to advance the prosperity and economic conditions of a community. MDJ Props. v. Union Twp. Bd.of Trustees (March 27, 2000), Clermont App. Nos. CA99-02-013, CA99-02-019, citing Willott v. Beachwood, supra. Moreover, traffic considerations are important. See Carney v. Warren Cty.Bd. of Comm'rs. (Aug. 26, 1991), Warren App. No. CA90-07-046, appeal not allowed (1992), 62 Ohio St.3d 1503, 583 N.E.2d 974
("Traffic considerations may not always be sufficient alone to justify a zoning ordinance; however a decision of a trial court will not be reversed where it merely considered traffic safety as one part of the zoning scheme.").
 {¶ 34} In this matter, the evidence demonstrated that the Village's 1996 Planning and Zoning Study set forth goals of reducing traffic congestion, and addressing local retail needs "rather than provide commercial services that would primarily serve the needs of non-Village residents traveling the interstate system." Approximately four years later, Mayor Gary Gottschalk expressed a concern about the proliferation of gasoline service stations in the commercial districts, and requested that Thomas Schultz of the Cuyahoga County Planning Commission review the Village's commercial zoning district regulations. In response, Schultz noted that automobile service stations typically generate a high amount of municipal traffic but a low number of jobs and taxes. He further opined that it is preferable for such uses to be situated near major highway interchanges such as the Forbes/Broadway interstate exits. A traffic study indicated that there was a 6 percent increase in morning peak hour traffic, a 5 percent increase in evening peak hour traffic, and a 4 percent increase in average daily traffic. In addition, at a public hearing held on May 7, 2001, residents indicated additional concerns with additional crime associated with such uses. Thereafter, the Village adopted the zoning changes which, inter alia, eliminated gasoline service stations as a permitted use in a local business district and as a conditional use in a general business district. From the foregoing, we are unable to conclude that the action of the Village was so arbitrary, confiscatory and unreasonable as to be in violation of constitutional guaranties. Accordingly, the trial court correctly determined that BP failed to demonstrate, beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality.
 {¶ 35} The second assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Celebrezze, Jr., J., Concur.