OPINION
{¶ 1} Defendant-appellant Mark Kendrick appeals from his conviction in the Youngstown Municipal Court for violating Youngstown Municipal Ordinance 539.07(b), which prohibits drivers from operating their car stereo systems at an excessive volume level. The ordinance is challenged on the grounds that it is void for vagueness, overly restricts constitutionally protected speech, it is being selectively enforced, and the penalties for these violations are unconstitutional due to a conflict with R.C.2929.21. Previously this court has addressed all of these issues in State v. Adams, 7th Dist. Nos. 02CA171, 02CA194, 02CA201, 02CA202, 02CA203, 02CA204, 02CA205, 2004-Ohio-3199, State v.Cornwell, 149 Ohio App.3d 212, 2002-Ohio-5178, and State v.Williams, 7th Dist. No. 01CA221, 2002-Ohio-5022. As this appeal raises no new issues, the precedents in Adams, Cornwell, andWilliams apply to the instant matter. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On August 13, 2003, appellant was cited for violating Youngstown Municipal Ordinance 539.07(b).[1] Thereafter, he pled no contest to the charge and was found guilty by the trial court. Appellant was sentenced to 30 days in jail with 20 days suspended. He was ordered to pay a $500 fine and to forfeit the sound equipment. Appellant timely appeals from the trial court's decision raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred by entering judgment against appellant since section 539.07(b) of the youngstown municipal ordinance is unconstitutional pursuant to the first, fifth andfourteenth amendments to the united states constitution and article I, section 16 of the ohio constitution."
 Void for vagueness. {¶ 4} Appellant's first argument is that Youngstown Municipal Ordinance 539.07(b) is impermissibly vague. First, he contends that the term "plainly audible" as used in Youngstown Municipal Ordinance 539.07(b) is vague. Additionally, he argues that the ordinance provides no exceptions for emergency vehicles and, as such, it would preclude ambulances from using its sirens to warn oncoming traffic of its approach.
 {¶ 5} As to appellant's first assertion, we have previously addressed this exact argument in Adams. We held that the ordinance in question is not impermissibly vague. Adams, 7th Dist. Nos. 02CA171, 02CA194, 02CA201, 02CA202, 02CA203, 02CA204, 02CA205, 2004-Ohio-3119, at ¶ 35-44. We explained that the restrictions set forth in that ordinance are "quite simple to understand and measure, and provides a uniform test for police officers and citizens to apply." Id. at ¶ 44. This precedent applies, and thus, appellant's argument fails.
 {¶ 6} As for appellant's second argument that the ordinance contains no exception for emergency vehicles, this argument is incorrect. Youngstown Municipal Ordinance 539.07(b)(4) states:
 {¶ 7} "Warning and/or emergency devices used to call police, or signal hazardous conditions, or other sound systems that are used in compliance with proper authorization by the City are exempted from this section."
 {¶ 8} Furthermore, another section under this chapter creates an emergency exception. Youngstown Municipal Ordinance 539.04 states:
 {¶ 9} "The provisions of this chapter do not apply to:
 {¶ 10} "(a) The emission of sound for the purpose of alerting persons to the existence of an emergency, or
 {¶ 11} "(b) The emission of sound in the performance of emergency work."
 {¶ 12} Thus, the emergency exceptions were created by ordinance and therefore, the statute is not vague in this respect. Accordingly, due to our previous analysis in Adams,
and the language of the ordinance, it is not void for vagueness. These arguments lack merit.
 Overbreadth. {¶ 13} Next, appellant argues the ordinance is overbroad since it prohibits constitutionally protected conduct. As with the void for vagueness argument, we addressed the same exact argument for overbreadth in Adams. In Adams, we held that the ordinance definition of plainly audible as being heard fifty feet or more from outside the vehicle as a means to control excessive noise was not overbroad. Adams, 7th Dist. Nos. 02CA171, 02CA194, 02CA201, 02CA202, 02CA203, 02CA204, 02CA205, 2004-Ohio-3119, at ¶ 12-34. Thus, since the issue raised in this argument is the same that was raised in Adams, its analysis applies and our prior precedent that the ordinance is not overly broad stands. Consequently, appellant's argument lacks merit.
 Selective enforcement. {¶ 14} Appellant's third argument is that this ordinance is selectively enforced. He contends that statistics prove that of the last 250 to 300 violations issued for violating Youngstown Municipal Ordinance 539.07, upwards of 90% were issued to African-Americans. Thus, he argues that this demonstrates that discrimination is being perpetrated against him, an African-American, and all other similarly situated African-Americans. {¶ 15} Selective prosecution violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution when it is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." Cleveland v. Trzebuckowski, 85 Ohio St.3d 524,530, 1999-Ohio-285, quoting Oyler v. Boles (1962),368 U.S. 448, 456.
 {¶ 16} The record in this case contains no indication that the statistics provided to this court are accurate. They were not presented to the trial court, nor was a motion made to this court to supplement the record with this information. Thus, the factual assertions that are the basis of appellant's argument are not part of the record. Cornwell, 149 Ohio App.3d at 219,2002-Ohio-5178, at ¶ 31. "It is well settled that constitutional decisions should not be made `until the necessity for a decision arises on the record before the court.'" Id. at ¶ 31, citing HalArtz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, 28, fn. 17. Consequently, this argument is without merit.
 Punishment. {¶ 17} Appellant's final argument is that the penalty section of Youngstown Municipal Ordinance 539.07 is in conflict with R.C.2929.21 and, thus, it is unconstitutional. Youngstown Municipal Ordinance 539.99 states that whoever violates any provision in this chapter is guilty of a minor misdemeanor for the first offense; however, any subsequent offense is a third-degree misdemeanor. Youngstown Municipal Ordinance 539.07(b) states that for a first time offense a defendant may receive a $50 to $250 fine. For a second offense, there is a mandatory fine of $500. Youngstown Municipal Ordinance 539.07(b). For a third offense and thereafter, there is a mandatory fine of $600. Id. R.C. 2929.21
states that a penalty for a minor misdemeanor is a $100 fine and the penalties for a third-degree misdemeanor is a maximum of 60 days in jail along with a $500 fine.
 {¶ 18} The above comparison of Youngstown Municipal Ordinance 539.07 and 539.99 to R.C. 2929.21 does show that there are differences between the jail time and fines. However, in addressing the same argument in Williams, we stated that the differences do not amount to a conflict. Williams, 7th Dist. No. 01CA221, 2002-Ohio-5022, at ¶ 19-27.[2] Thus, based upon that precedent, this argument also fails. Our previous decisions in Adams, Cornwell, and Williams are controlling.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.
[1] This was his second violation of this ordinance.
[2] Youngstown Municipal Ordinance 539.07 has been changed slightly since the Williams decision. However, as we stated inAdams, the maximum possible fine under the ordinance remained the same. Adams, 7th Dist. Nos. 02CA171, 02CA194, 02CA201, 02CA202, 02CA203, 02CA204, 02CA205, 2004-Ohio-3119, at ¶ 45. Thus, the reasoning and holding in Williams is still applicable.