[Cite as *State v. Hill*, 2019-Ohio-5329.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    29331 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA D. HILL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2018-08-2660-A |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2019

CARR, Judge.

{¶1} Defendant-Appellant Joshua Hill appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Hill was arrested on August 2, 2018 and remained in jail until he entered a plea of no contest on January 29, 2019. An indictment was filed August 22, 2018, charging Hill with one count of aggravated robbery, along with an accompanying firearm specification, one count of felonious assault, along with an accompanying firearm specification, and two counts of having weapons while under disability. All of the charges were felonies. The record reflects that multiple pretrials were continued at the request of Hill encompassing the period from September 10, 2018 through November 14, 2018. In addition, Hill made two separate discovery requests; one in early September which Hill's counsel received by the end of September, and one at the end of October. It is unclear from the record when the State responded to the October request for

discovery, but it is clear that as of November 14, 2018, Hill's counsel had yet to receive the additional discovery that was requested.

{¶3} On December 27, 2018, despite being represented by counsel, Hill filed a pro se motion to dismiss based upon an alleged violation of his right to a speedy trial. At a pretrial on January 14, 2019, Hill's counsel moved to strike Hill's pro se motion. Hill's counsel asserted that she would be filing her own motion to dismiss. On January 18, 2019, Hill's counsel filed a motion to dismiss based upon speedy trial and a renewed motion to strike Hill's pro se filing. Hill's counsel argued that Hill's pro se motion could not be considered by the trial court as he filed it while he was represented by counsel. Hill's counsel also maintained that Hill's pro se motion could not toll the speedy trial clock and requested that the trial court strike it from the record.

{¶4} The trial court held a hearing on the pending motions on January 22, 2019. At the hearing, the parties agreed that, at the time Hill filed his pro se motion to dismiss, the speedy-trial time had not expired. Thus, Hill's counsel argued that it was appropriate for her to seek to strike Hill's pro se motion as, not only was it improper, it was also without merit. Thereafter, the debate centered on whether the filing of Hill's pro se motion was a tolling event for purposes of calculating speedy trial. Both sides appeared to agree that, if it was a tolling event, Hill's speedy trial rights would not be violated. On January 28, 2019, the trial court issued an entry stating: "On January 28, 2019, this matter comes before the Court on both the Defendant's pro se Motion to Dismiss and Defense Counsel's Motion to Dismiss Based On Speedy Trial Rights. Said motions were heard in a hearing held on January 22, 2019 and taken under advisement. Upon due consideration, the Court finds said Motions not well-taken and are hereby denied." (Emphasis omitted.)

{¶5} Hill then entered a plea of no contest to amended charges and was sentenced thereafter. Hill has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN REFUSING TO DISMISS THIS MATTER BASED UPON THE FAILURE TO BRING THE CASE TO TRIAL WITHIN THE TIME PERIOD PRESCRIBED BY R.C. []2945.71.

{¶6} Hill argues in his sole assignment of error that the trial court erred in failing to grant his counsel's motion to dismiss. In so doing, Hill contends that his pro se motion to dismiss did not constitute a tolling event. Further, he asserts that, because it was not a tolling event, when Hill's counsel filed her own motion to dismiss, the speedy trial time had run and Hill was entitled to have the charges against him dismissed.

{¶7} "When a trial court denies a motion to dismiss on speedy trial grounds, this Court reviews questions of law de novo, but considers whether the trial court's factual determinations are clearly erroneous." (Internal quotations and citations omitted.) *State v. Gall*, 9th Dist. Lorain No. 18CA011445, 2019-Ohio-4907, ¶ 5. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial provisions." *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 8, quoting *State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶8} R.C. 2945.71(C)(2) states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) provides that "[f]or purposes of computing time under [R.C. 2945.71(C)(2) ], each day during which the accused is held in jail in lieu of bail on the pending

charge shall be counted as three days." "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71 and 2945.72]." R.C. 2945.73(B).

{¶9} R.C. 2945.72 provides that the time within which the defendant must be brought to trial can be extended by:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶10} Hill contends that the filing of his pro se motion did not qualify as a tolling event under R.C. 2945.72(E) because, at the time he filed the motion, he was represented by counsel

and Ohio law does not permit hybrid representation. Hill is correct that criminal defendants have no right to hybrid representation. *See State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 32. This Court has also concluded that, because a defendant does not have a right to hybrid representation, a trial court should not entertain pro se motions filed while a defendant is represented by counsel. *See State v. Rice*, 9th Dist. Medina No. 08CA0054-M, 2009-Ohio-5419, ¶ 8. "[W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record." *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶11} Notwithstanding the foregoing, this Court concludes that such pro se motions still qualify as tolling events under R.C. 2945.72(E) for purposes of calculating speedy trial time. *See State v. Miller,* 9th Dist. Lorain No. 10CA009922, 10CA009915, 2012-Ohio-1263, ¶ 13. This is so, because absent at least a cursory review of the pro se motion, it would not be possible to determine whether defense counsel joined in the motion or indicated some need for the relief the defendant sought. *See Davis* at ¶ 12. Accordingly, the filing of pro se motions by the defendant, even when he or she is represented by counsel, does toll the speedy trial clock for a reasonable period of time pursuant to R.C. 2945.72(E).

{¶12} Thus, as Hill's argument is founded on the incorrect premise that his pro se motion did not toll the speedy trial clock, we conclude that he has failed to demonstrate that the trial court erred in denying his counsel's motion to dismiss.

{¶13} Hill's assignment of error is overruled.

III.

{¶14} Hill's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALAN MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.