[Cite as *State ex rel. Pedraza v. Kimbler*, 2021-Ohio-993.]

STATE OF OHIO )      IN THE COURT OF APPEALS
              )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE EX REL. BENJAMIN
PEDRAZA, III

     Relator             C.A. No.      20CA0055-M

     v.

MEDINA COUNTY COURT OF      ORIGINAL ACTION IN
COMMON PLEAS JUDGE JOYCE V.      PROCEDENDO
KIMBLER

     Respondent

Dated: March 29, 2021

PER CURIAM.

{¶1} Relator Benjamin Pedraza has filed a petition asking this Court for a writ of procedendo ordering Respondent, Judge Joyce V. Kimbler, to rule on his pending motions. Judge Kimbler has moved to dismiss the complaint as moot. Because Mr. Pedraza's motions were implicitly denied, Mr. Pedraza's claim is moot and this Court dismisses his petition.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of

facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to the petition, while represented by counsel during the proceedings leading up to his trial, Mr. Pedraza filed a pro se "Motion for Right to Speedy Trial." By this motion, Mr. Pedraza attempted to invoke his right to a speedy trial. After he was convicted, Mr. Pedraza filed another pro se motion captioned "Motion to Render Judgment" in which he moved Judge Kimbler to rule on the motion for right to speedy trial he previously filed.

{¶4} To obtain a writ of procedendo, Mr. Pedraza must establish that he has a clear legal right to require Judge Kimbler to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541. In other words, once an act has been completed, the matter is moot. *See, e.g., State ex rel. Eichenberger v. Jamison*, 10th Dist. Franklin No. 19AP-98, 2019-Ohio-2622, ¶ 12.

**{¶5}** Mr. Pedraza sought a writ of procedendo to order Judge Kimbler to rule on his two motions. Judge Kimbler moved to dismiss. She argued that when she did not expressly rule on the motion for a speedy trial, it was deemed denied at the conclusion of the case. She also argued that Mr. Pedraza could have raised this issue on his direct appeal to this Court, giving him an adequate remedy.

*The motion for speedy trial was moot*

**{¶6}** We agree with Judge Kimbler that the motion for a speedy trial was deemed denied at the conclusion of Mr. Pedraza's criminal case. The Eighth District Court of Appeals addressed this precise issue and concluded the motion that was the subject of the procedendo action was deemed denied:

> To the extent that there were motions that the trial judge did not explicitly resolve, they are deemed denied. In *State ex rel. Harris v. Sheehan*, 8th Dist. No. 93516, 2009–Ohio–4196, the relator commenced a procedendo action to compel the judge to rule on various motions in a criminal case in which he had been found guilty and sentenced. This court dismissed the writ action as moot, because "[a]ny pending motions, upon disposition of the underlying criminal cases are 'deemed to be denied.'" *Harris* at ¶ 3. *Whitman v. Strickland Saffold*, 8th Dist. No. 94539, 2010–Ohio–2232.

*State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592, ¶ 8. *See, also, State ex rel. Stanley v. D'Apolito*, 7th Dist. Mahoning No. 12 MA 218, 2013-Ohio-428, ¶ 10.

**{¶7}** The motion for speedy trial was deemed denied at the conclusion of the criminal case. This Court cannot grant a writ of procedendo to compel an action which has already been completed. Accordingly, this matter is moot as it relates to the motion for speedy trial.

*No clear legal duty to act*

{¶8}    Mr. Pedraza also cannot demonstrate that Judge Kimbler had a clear legal duty to proceed as to the motion for speedy trial.

{¶9}    Mr. Pedraza filed his motion for speedy trial when he was represented by counsel.  Ohio law does not permit hybrid representation.  *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 32.  "This Court has also concluded that, because a defendant does not have a right to hybrid representation, a trial court should not entertain pro se motions filed while a defendant is represented by counsel."  *State v. Hill*, 9th Dist. Summit No. 29331, 2019-Ohio-5329, ¶ 10.  Accordingly, Mr. Pedraza cannot demonstrate that Judge Kimbler had a clear legal duty to proceed to rule on the speedy trial motion.

*Procedendo will not issue to compel a vain act*

{¶10}    Turning to the motion to render judgment, even if Mr. Pedraza could satisfy the requirements for this Court to issue a writ of procedendo, the writ will not issue to compel a vain act.  *State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, ¶ 35.  At the time he filed the motion to render judgment, the motion for speedy trial had been deemed denied.  If this Court were to grant a writ of procedendo to order Judge Kimbler to rule on the motion, it would be a vain act.  As the Supreme Court has held under similar circumstances, an order "to the trial court for a perfunctory ruling now would require a vain act, and this court will not countenance such an act by issuance of the extraordinary prerogative writ of procedendo."  *State ex rel. Garnett v. Lyons*, 44 Ohio St.2d 125, 127.

*Conclusion*

**{¶11}** Upon review of the complaint and motion to dismiss, this Court grants Judge Kimbler's motion and this case is dismissed. Costs taxed to Mr. Pedraza.

**{¶12}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

 

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BENJAMIN PEDRAZA, III, Pro se, Petitioner.

S. FORREST THOMPSON, Prosecuting Attorney, and MICHAEL K. LYONS and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorneys, for Respondent.