**[Cite as *State v. Smith*, 2021-Ohio-1389.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190558 |
| | | TRIAL NO. B-1505510 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| WILLIAM SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Remanded

Date of Judgment Entry on Appeal:  April 21, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William A. Smith*, pro se.

**BERGERON, Judge.**

{¶1}    The statute that provides for applications for DNA testing for criminal defendants mandates that, in pertinent part, the trial court must explain "the reasons for the acceptance or rejection" of the application.  R.C. 2953.73(D).  The trial court here rejected defendant-appellant William Smith's application for postconviction DNA testing without any hint of an explanation.  Because the trial court failed to comply with the express terms of the statute, we must remand this case on that narrow basis.

{¶2}    In 2015, Mr. Smith was charged with killing two lifelong friends, Ms. Owens (age 57) and Mr. Jackson (age 72), in his apartment.  Mr. Smith did not deny that he killed his friends, but insisted that he acted in self-defense.  At his trial in 2017, the jury rejected Mr. Smith's self-defense theory and convicted him on two counts of murder.  On appeal, we affirmed those convictions.  *State v. Smith*, 1st Dist. Hamilton No. C-170028, 2018-Ohio-2504, ¶ 74.

{¶3}    After losing his appeal, Mr. Smith again sought to demonstrate that he acted in self-defense by filing a request, under R.C. 2953.71 et seq., to have DNA testing done on several items of clothing.  He reasons that testing the bloodstains on the clothes will show that he "was in a defense position."  The trial court denied the request with a two-sentence order, simply stating that the application was not well taken.  Mr. Smith now appeals that denial, presenting two assignments of error.

{¶4}    In his first assignment of error, Mr. Smith argues that the trial court erred by not explaining why it denied his DNA request.  "We review the trial court's denial of an eligible offender's application for DNA testing for an abuse of discretion."  *State v. Conner*, 2020-Ohio-4310, 158 N.E.3d 162, ¶ 12 (8th Dist.),

citing R.C. 2953.74(A); *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 111 (same).

{**¶5**}    R.C. 2953.73(D) provides, in relevant part: "If an eligible offender submits an application for DNA testing * * * the court shall make the determination as to whether the application should be accepted or rejected."  Furthermore, "[u]pon making its determination, the court shall enter a judgment * * * that includes * * * the reasons for the acceptance or rejection * * * ." *Id.*

{**¶6**}    That is not to say that formal findings of fact and conclusions of law are required.  *State v. Price*, 165 Ohio App.3d 198, 2006-Ohio-180, 845 N.E.2d 559, ¶ 13 (1st Dist.) (" 'Reasons' for the trial court's denial of an application for DNA testing are not required to be put forth in the format of findings of fact and conclusions of law * * * ."); *see State v. Scott*, 12th Dist. Butler No. CA2020-01-007, 2020-Ohio-5302, ¶ 56 ("[A] court dismissing a petition for postconviction DNA testing is not required to issue specific findings of fact and conclusions of law.").  But "more is required than [a] cursory statement * * * ."  *Price* at ¶ 13; *see Scott* at ¶ 56 ("The decision need only set [forth] 'the reasons' as applied to the statutory criteria, which are, for the most part, set forth in R.C. 2953.74(B) and (C).").

{**¶7**}    We need not ponder here how much detail is needed because the trial court's entry provided no reason at all for denying Mr. Smith's DNA request.  The entry merely stated: "The court, after being fully advised, finds the application to be not well taken, and hereby rejects [the] same."  It may be that Mr. Smith's request is unjustified.  But "failure to provide an explanation for rejecting a defendant's application under R.C. 2953.73(D) is contrary to law and constitutes an abuse of discretion."  *Conner*, 2020-Ohio-4310, 158 N.E.3d 162, at ¶ 14 (citing cases); *Price* at

¶ 12 ("Because it provided no reasons, even though it was required to do so, we are unable to properly review the trial court's denial of [the defendant's] application for DNA testing."). The statutorily-commanded reasons help facilitate appellate review by revealing why the trial court ruled the way it did. Based on the plain language of the statute, we sustain Mr. Smith's first assignment of error.

{¶8} The failure of the trial court to comply with the statute obviates our need to consider the merits of Mr. Smith's appeal. In his second assignment of error, Mr. Smith appears to argue that the trial court should have granted his DNA request based on ineffective assistance of counsel. However, because we sustain Mr. Smith's first assignment of error, we deem this assignment of error moot.

{¶9} We therefore remand this cause with instructions for the trial court to provide an explanation for its denial of Mr. Smith's DNA-testing request.

Judgment remanded.

**ZAYAS, P. J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion