[Cite as *State v. Marshall*, 2024-Ohio-3262.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230664 |
|  |  | TRIAL NO. B-0506040A |
| Plaintiff-Appellee, | : |  |
|  |  |  |
| vs. | : | *O P I N I O N.* |
|  |  |  |
| JAMES MARSHALL, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Cause Remanded

Date of Judgment Entry on Appeal: August 28, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Marshall,* pro se.

**WINKLER, Judge**.

**{¶1}** Defendant-appellant James Marshall appeals the Hamilton County Common Pleas Court's judgment denying his application for postconviction DNA testing. Because the common pleas court's entry failed to explain its reasons for denying Marshall's application as required by R.C. 2953.73(D), we must remand this cause on that narrow basis.

**{¶2}** Following a jury trial, Marshall was convicted of murder in connection with the shooting death of Junis Sublett. Eyewitnesses testified that someone in a green car had fired a gun out of the front passenger-side window towards Sublett, who was shot in the head and fell to the ground. The driver of the green car then drove off, running over Sublett's body. At trial, Marshall admitted that he had been sitting in the front passenger seat of the green car but testified that the driver had been the one to shoot Sublett.

**{¶3}** Marshall unsuccessfully challenged his murder conviction in his direct appeal and in postconviction motions filed in 2006, 2010, and 2020. *State v. Marshall*, 2008-Ohio-955 (1st Dist.), *appeal not allowed*, 2008-Ohio-3369; *State v. Marshall*, No. C-080385 (1st Dist. Jan. 28, 2009); *State v. Marshall*, No. C-070054 (1st Dist. Dec. 19, 2009); *State v. Marshall*, No. C-110054 (1st Dist. Dec. 9, 2011); *State v. Marshall*, 2021 Ohio App. LEXIS 2223 (1st Dist. Jun. 30, 2021), *appeal not accepted*, 2021-Ohio-0993.

**{¶4}** In May 2023, Marshall filed an application for postconviction DNA testing of the shell casing found at the crime scene. In his application, Marshall pointed out that the casing was admitted into evidence at trial but had not been tested for DNA. He explained that he has consistently maintained that he was not the shooter, that no physical evidence tied him to the shooting, and that the shell casing admitted into evidence was the same type of shells found at the apartment of the driver

of the green car. The trial court summarily denied the application "as not well taken." Marshall did not appeal.

{¶5} Shortly after his first application was denied, Marshall filed a new application for postconviction DNA testing that again asked for DNA testing on the shell casing found at the crime scene. The common pleas court summarily denied the application as "not well-taken."

{¶6} Marshall now appeals that judgment, asserting in a single assignment of error that the common pleas court abused its discretion by not explaining why it had denied his application. We review the denial of an eligible offender's application for postconviction DNA testing for an abuse of discretion. *State v. Smith*, 2021-Ohio-1389 (1st Dist.), citing *State v. Conner*, 2020-Ohio-4310 (8th Dist.), citing R.C. 2953.74(A).

{¶7} R.C. 2953.73(D) provides, in relevant part: "If an eligible offender submits an application for DNA testing . . . the court shall make the determination as to whether the application should be accepted or rejected." Furthermore, "[u]pon making its determination, the court shall enter a judgment . . . that includes . . . the reasons for the acceptance or rejection . . . ." *Id.*

{¶8} In *Smith*, this court held that where an entry denying an application for DNA testing provides no reasoning for the denial, then that "'failure to provide an explanation for rejecting a defendant's application under R.C. 2953.73(D) is contrary to law and constitutes an abuse of discretion.'" *Smith* at ¶ 7, quoting *Conner* at ¶ 14 (citing cases); *State v. Price*, 2006-Ohio-180, ¶ 12 (1st Dist.) ("Because it provided no reasons, even though it was required to do so, we are unable to properly review the trial court's denial of [the defendant's] application for DNA testing."). In so holding, we noted that R.C. 2953.73(D) does not require formal findings of fact and conclusions

of law but only requires the trial court to "set [forth] 'the reasons' as applied to the statutory criteria, which are, for the most part, set forth in R.C. 2953.74(B) and (C)." *Smith* at ¶ 6, citing *State v. Price*, 2006-Ohio-180, ¶ 13, and *State v. Scott*, 2020-Ohio-5302, ¶ 56 (2d Dist.).

{¶9} Here, because the common pleas court did not comply with the plain terms of the statute and failed to state any reason for denying Marshall's application for DNA testing, we sustain his assignment of error.

{¶10} The State, citing to *State v. Long*, 2019-Ohio-4857 (1st Dist.), argues that Marshall's application should have been dismissed because it was a successive application. But R.C. 2953.74(A) permits successive applications for DNA testing and only directs a court to reject a successive application "when a prior definitive DNA test has been conducted regarding the same biological evidence that the offender seeks to have tested." Otherwise, the statute directs courts to consider DNA-test requests on a case-by-case basis.

{¶11} In *Long*, this court affirmed the trial court's denial of a successive request for DNA testing where the lower court had considered a previous application for DNA testing, determined that any testing would not be outcome determinative, and rejected the application on that basis. But here, there has been no DNA testing yet conducted on the shell casing and no determination by a court that DNA testing would not be outcome determinative. Thus, we disagree with the State that the common pleas court was required to dismiss Marshall's most recent application for testing.

{¶12} Having sustained Marshall's assignment of error, we remand this cause to the common pleas court with instructions to provide an explanation for its denial of Marshall's DNA-testing request.

Cause remanded.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

4

Please note:

The court has recorded its own entry on the date of the release of this opinion.