[Cite as *Akron v. Schaffer*, 2026-Ohio-2017.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | | C.A. No.     31314 |
|---|---|---|
|     Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | AKRON MUNICIPAL COURT |
| JOSHUA SCHAFFER | | COUNTY OF SUMMIT, OHIO |
|     Appellant | | CASE No.     24CRB 06469 |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

---

CARR, Judge.

{¶1} Appellant, Joshua Schaffer, appeals the judgment of the Akron Municipal Court. This Court affirms in part, reverses in part, and remands.

I.

{¶2} Due to Schaffer's conduct on the campus of Summa Hospital on August 19, 2024, he was charged with one count of criminal trespass in violation of Akron City Code 131.08(B)(1).

{¶3} Prior to arraignment, Schaffer filed a series of pro se motions in the trial court, including a motion to dismiss and a motion for a continuance to obtain counsel. The trial court denied Schaffer's motions. A public defender was appointed and Schaffer entered a plea of not guilty at arraignment. In the days and weeks that followed, Schaffer filed another series of pro se motions, including multiple motions to dismiss on the basis that law enforcement violated his First Amendment rights. While the trial court denied Schaffer's motions to dismiss on October 23, 2024, it did not rule on Schaffer's other pro se motions at that time.

{¶4}     On November 1, 2024, defense counsel filed a motion to dismiss on the basis that the City had violated Schaffer's speedy trial rights under the Ohio Constitution as well as R.C. 2945.71(B)(1).  The City filed a brief in opposition to the motion.  Thereafter, the trial court issued a journal entry denying the motion to dismiss on speedy trial grounds.  The trial court further ordered that Schaffer's pro se motions be stricken from the record.

{¶5}     The matter proceeded to a jury trial where Schaffer was found guilty of criminal trespass.  The trial court sentenced Schaffer to a 30-day jail sentence and imposed a $250 fine.  Both the jail sentence and the fine were suspended on the condition that Schaffer obey all laws for one year.  Schaffer was also ordered to complete 16 hours of community service.

{¶6}     On appeal, Schaffer raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING SCHAFFER'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶7}     In his first assignment of error, Schaffer argues that the trial court erred in denying his motion to dismiss on statutory speedy trial grounds.

Background

{¶8}     Schaffer received his summons on the same date as the incident, August 19, 2024. Two days later, Schaffer filed a number of pro se motions, including a motion to dismiss, a motion for a protection order, and a motion for a continuance to retain counsel.  On August 26, Schaffer pleaded not guilty to the charge at arraignment, and a public defender was appointed on his behalf. The pro se motions that Schaffer filed prior to arraignment were denied.[1]

---

[1] While the trial court did not address the motion for a continuance prior to arraignment, the trial court denied the remaining motions on August 22, 2024.

{¶9}     After defense counsel was appointed, Schaffer continued to file a variety of pro se motions.  Schaffer filed a pro se motion to dismiss on August 28.  On September 4, Schaffer filed another set of pro se motions, including a second motion to dismiss and a motion for a protective order.  Thereafter, on September 16, Schaffer filed yet another set of pro se motions, including a motion for discovery and a motion to compel the attendance of a witness.  A review of the file jacket reveals a notation on October 23, which reads, "Def[endant]'s motions to dismiss are denied.  Time charged to Def[endant]."  The notation does not refer to Schaffer's other pro se filings.

{¶10}    As Schaffer was in the midst of filing pro se motions, defense counsel filed a demand for discovery on August 29, and the City delivered discovery ten days later on September 9.

{¶11}    The trial court set the matter for a jury trial on October 3.  On September 30, the City filed a motion for a continuance on the basis that the assistant prosecutor would be out of town.  On October 4, the trial court granted the motion via stamp and signature.  The file jacket further contains a notation from the trial judge on October 7, which reads, "Per parties' agreement case cont[inued and] set for next available trial date per parties' schedule."  The trial date was rescheduled for October 31.  The trial court subsequently continued the trial date to November 7, "due to a congested dockets and unavailability of trial judge."

{¶12}    On November 1, defense counsel filed a motion to dismiss on the basis that the City failed to bring Schaffer to trial within 45 days as required by R.C. 2945.71(B).   Defense counsel's argument centered the viability of this Court's decision in *State v. Hill*, 2019-Ohio-5329, ¶ 11 (9th Dist.), where we held that pro se motions filed by a defendant represented by counsel toll the speedy trial clock for a reasonable period of time pursuant to R.C. 2945.72(E).  Defense counsel urged the trial court to refrain from applying *Hill* on the basis that it conflicted with the Supreme

Court's decision in *State v. Martin*, 2004-Ohio-5471, ¶ 32, which reaffirmed Ohio's prohibition against hybrid representation. Defense counsel argued that Schaffer's pro se filings were never properly before the trial court because Schaffer was represented by counsel at those times. Defense counsel concluded that the only tolling event that occurred after arraignment was Schaffer's August 29 discovery demand, which tolled time for ten days.

{¶13} The City filed a memorandum in opposition to the motion to dismiss maintaining that *Hill* was controlling. The City argued that even though hybrid representation is not permitted, a pro se motion still acts as a tolling event.

{¶14} On the first day of trial, the trial court permitted the parties to present oral arguments on the speedy trial issue. Schaffer again focused on the pro se filings, maintaining that those motions were never properly before the trial court and that the trial court was under no obligation to rule on them. Schaffer reasoned that because the filing of the pro se motions did not serve as tolling events, the speedy trial clock had already expired. The City reiterated its position that *Hill* was controlling and that Schaffer's pro se motions served as tolling events. At the close of arguments, the trial court denied the motion to dismiss.

{¶15} That same day, the trial court issued a journal entry denying the motion to dismiss on the basis that, under the precedent established in *Hill*, Schaffer's pro se motions tolled the speedy trial clock. With respect to Schaffer's pro se motions that remained pending at that time, the trial court ordered the motions stricken from the record on the basis that Schaffer was represented by a public defender.

<u>Discussion</u>

{¶16} On appeal, Schaffer contends that the trial court erred in denying his motion to dismiss by erroneously concluding that his pro se motions tolled time for speedy trial purposes

given that those motions were never properly before the court. Shaffer argues that the trial court's reliance on *Hill* was misplaced, given that the *Hill* decision is "irreconcilable" with the Supreme Court's decision in *Martin*.

{¶17} For the purposes of appellate review, speedy trial issues present a mixed question of law and fact. *State v. Fields*, 2013-Ohio-4970, ¶ 8 (9th Dist.). This Court applies a de novo standard of review to questions of law and a clearly erroneous standard of review to questions of fact. *Id*.

{¶18} Schaffer was charged with criminal trespass in violation of Akron City Code 131.08(B)(1), a misdemeanor of the fourth degree. *See* Akron City Code 131.08(E). R.C. 2945.71(B)(1) provides that "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial . . . [w]ithin forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree[.]" As Schaffer was charged with a fourth-degree misdemeanor, the 45-day provision in R.C. 2945.71(B)(1) was applicable in this case.

{¶19} Schaffer was served with his summons on August 19, and he was not brought to trial until roughly 80 days later on November 7, outside the 45-day window set forth in R.C. 2945.71(B)(1). When a defendant makes a prima facie case that the State failed to bring him to trial within the timeframe outlined in R.C. 2945.71, the burden shifts to the State to demonstrate that speedy trial time tolled due to an event listed in R.C. 2945.72. *See State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986). R.C. 2945.72(E) provides that the time within which the defendant must be brought to trial can be extended "by . . . [a]ny period of delay necessitated by reason of a . . . motion . . .made or instituted by the accused[.]"

{¶20} As discussed above, the focal point of Schaffer's motion to dismiss was that the City could not satisfy its burden because Schaffer's pro se motions were never properly before the trial court and thus could not be counted as tolling events. Schaffer argued that *Hill* was "bad law" to the extent that it conflicted with the Supreme Court's decision in *Martin*. The trial court ultimately rejected Schaffer's argument and denied his motion on the authority of *Hill*.

{¶21} In *Martin*, the Supreme Court discussed an array of concerns presented by hybrid representation. *Martin*, 2004-Ohio-5471, at ¶ 33-36. The Supreme Court ultimately held that "a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *Id*. at ¶ 32. In *Hill*, this Court confronted a speedy trial scenario where the appellant argued that his pro se motions did not qualify as tolling events under R.C. 2945.72(E) because he was represented by counsel at the time the motions were filed and Ohio does not permit hybrid representation. *Hill*, 2019-Ohio-5329, at ¶ 10 (9th Dist.). Relying on *Martin*, this Court recognized that criminal defendants have no right to hybrid representation. *Id*., citing *Martin* at ¶ 32. This Court further noted that a trial court should generally refrain from entertaining pro se motions filed by a defendant who is represented by counsel. *Hill* at ¶ 10, citing *State v. Rice*, 2009-Ohio-5419, ¶ 8 (9th Dist.). Notably, however, this Court concluded that "such pro se motions still qualify as tolling events under R.C. 2945.72(E) for purposes of calculating speedy trial time." *Hill* at ¶ 11. This Court determined that because it is not always readily apparent whether defense counsel seeks to join in the motion, "the filing of pro se motions by the defendant, even when he or she is represented by counsel, does toll the speedy trial clock for a reasonable period of time pursuant to R.C. 2945.72(E)." *Id*. Accordingly, Schaffer's contention that *Hill* conflicts with the Supreme Court's decision in *Martin* is without merit.

{¶22} It follows that the trial court correctly concluded that Schaffer's pro se motions tolled the speedy trial clock under *Hill*. To the extent that Schaffer invites this Court to overturn *Hill*, we decline to do so. We are mindful, however, that our central holding in *Hill* was that "the filing of pro se motions by the defendant, even when he or she is represented by counsel, does toll the speedy trial clock for *a reasonable period of time* pursuant to R.C. 2945.72(E)." (Emphasis added.) *Hill* at ¶ 11. While the trial court here correctly concluded that *Hill* was applicable, it never determined what constituted a reasonable amount of time to review the pro se motions for speedy trial purposes. Accordingly, this matter must be reversed and remanded for the trial court to make an initial determination regarding what constituted a reasonable amount of time to review Shaffer's pro se motions and whether that tolling period affected Schaffer's speedy trial rights.

{¶23} Schaffer's first assignment of error is sustained to the extent discussed above.

## ASSIGNMENT OF ERROR II

ALTERNATIVELY, THE TRIAL COURT ERRED IN DENYING SCHAFFER'S CRIM.R. 29 MOTION BECAUSE THE CITY FAILED TO PRODUCE SUFFICIENT EVIDENCE THAT SCHAFFER WAS ON THE HOSPITAL'S PREMISES "WITHOUT PRIVILEGE."

{¶24} In his second assignment of error, Schaffer contends that the trial court erred in denying his motion for a judgment of acquittal. This Court disagrees.

{¶25} Crim.R. 29(A) provides, in relevant part:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶26} A trial court's ruling on a motion for a judgment of acquittal under Crim.R. 29(A) is reviewed under the same standard as determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

{¶27} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶28} Schaffer was convicted of one count of criminal trespass in violation of Akron City Code 131.08(B)(1), which provides, "[n]o person, without privilege to do so, shall . . . [k]nowingly enter or remain on the land or premises of another[.]" Akron City Code 131.08(A) states that "[f]or the purpose of this section, 'land or premises' includes any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof."

Background

{¶29} At trial, the City presented evidence in support of the following narrative. On August 19, 2024, Schaffer walked through the Arch Street entrance to Summa Hospital and approached Lori Welsh, who works as a service ambassador in the Protective Services Department. Welsh sits at the access control desk located at the secured entrance. Welsh's duties include verifying the status of patients and assisting them to the location of their appointments. At trial,

Welsh testified that Summa Hospital is a private institution and that all patients and visitors are required to check in at her desk.

{¶30}  Schaffer approached Welsh in a "very anxious[]" state while waving a piece of paper and saying "[l]egal, legal, legal[.]"  Welsh testified that Schaffer did not make any reference to a medical appointment, and he did not appear to be wearing a hospital wristband or carrying papers indicating that he was a patient.  Uncertain as to whether the legal department was located in that building on the Summa Hospital campus, Welsh placed a call to determine the location of the legal department.  Schaffer walked away from the desk and into the hospital before Welsh could provide him with the pertinent information.

{¶31}  A security officer named Robert Ferguson was able to stop Schaffer near the Dialysis Department, in an area of the building where there are no administrative offices.  Schaffer indicated he was a patient at the hospital who was looking for the legal department.  When Ferguson asked to see Schaffer's discharge papers, Schaffer indicated that he did not have them and that he was under no obligation to talk to a security officer.  Schaffer also refused to identify himself and there were no other visual identifiers, such a wristband or hospital gown, indicating that he was a patient.  At trial, Ferguson explained that he was unable to check on Schaffer's status as a patient because Schaffer refused to provide his name.  When Schaffer attempted to walk deeper into the hospital, Ferguson instructed Schaffer to return to the entrance and check in.  Schaffer refused and Ferguson requested backup from a commissioned officer.

{¶32}  Officer Chronister responded to the scene.  Schaffer remained "standoffish" and at one point referred to the officers as "pigs."  When Officer Chronister asked Schaffer to return to the entrance, Schaffer responded that he was on his way to the cafeteria and then the legal department.  Schaffer further stated that he was not required to speak with Officer Chronister.

When Officer Chronister pressed the issue, Schaffer indicated he was a discharged patient, but he did not present any paperwork evidencing that fact. During his testimony, Officer Chronister explained that patients and visitors are required to check in at the access control point at the secured entrance, and hospital employees are required to show their badges. Officer Chronister testified that while there is a legal department on the Summa Hospital campus, it is in a separate location that is not typically accessed by patients. Officer Chronister informed Schaffer that, at that point, he was investigating a potential criminal trespass. Schaffer again refused to leave. In total, Schaffer refused Officer Chronister's request to leave on six occasions. While at one point Schaffer began walking toward the exit, he ultimately sat down on a chair in the lobby and proceeded to make a phone call. At that point, Officer Chronister charged Schaffer with criminal trespass. After receiving his summons, Schaffer asked if he could enter the hospital to get breakfast. When Officer Chronister responded in the negative, Schaffer indicated that he was going to a separate building across the street to speak with his doctor about what had transpired.

{¶33} At the close of the City's evidence, Schaffer moved for a judgment of acquittal on the basis that while Schaffer may have violated Summa Hospital policy, he did not violate the law. Schaffer argued that he had the privilege to be on the premises as a discharged patient at the hospital. The trial court denied the motion.

Discussion

{¶34} On appeal, Schaffer argues that the trial court erred in denying his Crim.R. 29 motion because the testimony of the City's witnesses negated the element of privilege. Schaffer maintains that because the City's witnesses acknowledged that patients have a right to be on the hospital premises, the trial court should have granted the motion based on Schaffer's status as a patient. Schaffer contends that because he was charged under Akron City Code 131.08(B)(1),

which pertains to "enter[ing] or remain[ing] on the land or premises of another[,]" his privilege was not limited to a particular area of the Summa Hospital campus.

{¶35} Schaffer's challenge to the sufficiency of the evidence is without merit. The City presented evidence demonstrating that Schaffer passed through the Arch Street entrance to Summa Hospital in an anxious state and immediately indicated that he had business in the law department. Before the service ambassador could determine the location of the law department, or obtain Schaffer's identification, Schaffer walked away and entered the hospital. Thereafter, Schaffer was "standoffish" and refused to communicate with security personnel who attempted to resolve the situation. Although Schaffer contends that he had the privilege to be in the hospital due to his status as a discharged patient, he refused to provide any information that would have allowed security personnel to confirm his status as a discharged patient, and his stated reason for entering the hospital was seemingly unrelated to his recent appointment. Furthermore, to the extent that Schaffer had a privilege to be on the Summa Hospital campus earlier that day, that privilege was subsequently revoked when he was uncooperative with security personnel and was asked to leave. *See generally State v. Campbell*, 2010-Ohio-2573, ¶ 19 (9th Dist.). This evidence, when construed in the light most favorable to the City, was sufficient to support Schaffer's conviction for criminal trespass.

{¶36} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

IN THE SECOND ALTERNATIVE, THE COURT SHOULD VACATE SCHAFFER'S CONVICTION BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶37} In his third assignment of error, Schaffer argues that his conviction was against the weight of the evidence. In light of this Court's resolution of Schaffer's first assignment of error,

the third assignment of error has been rendered moot and we decline to address it. App.R. 12(A)(1)(c).

### III.

{¶38} Schaffer's first assignment of error is sustained to the extent discussed above. The second assignment of error is overruled. This Court declines to address the third assignment of error as it has been rendered moot. The judgment of the Akron Municipal Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JOSEPH SHELL, Attorney at Law, for Appellant.

BRIAN T. ANGELONI, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.